STEWART NEIL

*v.*

DON ALONZO CUMMINGS.

1. ASSIGNMENT — *assignee of note given to his agent takes subject to defense.* Where an agent, in selling territory for a patent right for his principal, takes notes payable to himself and assigns the same to his principal, the latter will not be an innocent assignee so as to cut off a defense, but he will be treated as though he was the original payee.

2. FRAUD — *rescission of contract procured by fraudulent representations.* Where the agent of the owner of a patent right, by false representations as to the value of the territory, and the demand for the invention, which were not only untrue, but known to be so when made, and by other false representations as to the extent of sales made, and the adoption of the invention in certain localities, induced a party to purchase certain territory and give his notes for the price, secured by mortgage, and indorsed the same to the

principal, and it appearing that the patent and the territory sold were worth-less, and that the purchaser had tendered back a deed for the same: *Held,* that for the fraud practiced a decree rescinding the sale and for the cancel-lation and surrender of the notes and mortgage was proper.

Appeal from the Circuit Court of Livingston county ; the Hon. Charles H. Wood, Judge, presiding.

Messrs. Clark & Ellwood, for the appellant.

Messrs. Strevell & Garratt, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

Appellant was owner of a patent called "Niel's Patent Cylindrical Harrow." In 1867 Joshua Matthews was engaged as his agent, selling territory covered by the letters patent. He induced appellee to purchase the right to four counties in this State, in consideration for which he gave him his three promissory notes, and secured the same by mortgage on real estate. The notes were made payable to Matthews, who, as agent, and in the name of appellant, made appellee a deed of the territory included in his purchase. Appellant, claiming to be the assignee of the notes and mortgage, at one time filed a bill in the circuit court of Woodford county to foreclose the mortgage, and when it was discovered the court was about to decide the case against him, dismissed his suit at his own costs. Not long afterwards this bill was filed by appellee to have the mortgage cancelled, as a cloud upon the title of his lands embraced in it, and to have a decree that the notes given for the patent be surrendered up to be cancelled, as having been obtained by fraud and for no consideration whatever. Appellant, having been brought into court, filed a cross-bill to have the mortgage foreclosed. On the hearing, the court dismissed the cross-bill and decreed relief on the original bill.

It is alleged the notes and mortgage were procured by Matthews by " fraud and circumvention," but those words are not to be understood in the technical sense in which they are used in the statute. Although inartistically done, it is evi-

dent it was the intention to charge the notes and mortgage had been procured by false and fraudulent representations on which appellee relied, and hence there was such fraud as would authorize a rescission of the contract. This is apparent from the scope of the bill, for appellee had previously tendered back a deed to appellant for the territory, and demanded a surrender of the notes and mortgage, and kept the tender good by bringing the deed into court.

Appellant is not an innocent assignee of the notes and mortgage. It is clearly shown Matthews acted as his agent in the transaction, and when he comes to make a deed for the territory sold, he makes it in the name of appellant as his agent. It is therefore wholly immaterial whether there was " fraud and circumvention " in the obtaining of the making of the notes, in the sense those words are used in the statute. The contract must be regarded as having been made for appellant, by Matthews, his agent, and he must, therefore, be treated as an original party. Although the notes are made payable to Matthews, it was a mere artifice adopted to cut off any defense.

The patent and the territory are shown to be utterly worthless. There can be no controversy as to the fact appellee was induced to make the purchase of the territory by fraudulent practices on the part of Matthews. Not a single representation was made but what is proven to have been grossly false, knowingly put forth to induce the making of the purchase. Every representation he made as to the value of the territory, and the demand for the invention, are shown to have been without the slightest foundation, and not only untrue, but known to be so when uttered. He represented he had made sales when he had not, and that the invention had been generally adopted in certain localities by agriculturists to the exclusion of other machines, when no machines of the kind were in use or ever had been. Such fraud is disclosed as would authorize a rescission of the contract. Appellant is bound by the guilty conduct of his agent in the transaction. He stands in

no better position in this court than Matthews would were he here seeking a foreclosure of the mortgage.

On the whole record, we are satisfied the decree is right and it must be affirmed.

*Decree affirmed.*