AGNES B. HOOCK, APPELLEE, v. ANNA K. BOWMAN, APPELLANT.*

FILED OCTOBER 2, 1894. No. 5721.

1. **Vendor and Vendee:** CONTRACT OF SALE: MISREPRESENTATIONS: RESCISSION. B. desired to purchase for the purpose of building thereon, lots 1 and 2 in a certain addition to the city of Omaha, platted and owned by H. The agent of H. showed the lots to B., pointed out the corners and stakes, represented that lot 1 was a corner lot, that lot 2 was contiguous thereto, and that both fronted on Sawyer street. The streets had not been opened through the addition. B., believing and relying on the truth of the representations made by the agent, entered into a written contract with H., agreeing to purchase and pay for said lots. The representation as to lot 1 being a corner lot was false. *Held*, That these representations, under the circumstances, were material, and entitled B. to a rescission of the contract.

2. ———: ———: ———. A purchaser of real estate has a right to believe and rely upon representations made to him by his vendor as to the character, quality, and location of the property, when the facts concerning which the representations are made are unknown to the vendee.

---

* See also *Hoock v. Bowman*, 42 Neb., 87.

3. ——: ——: ——: LACHES. If a vendor makes material. representations as to the character, quality, or location of his real estate, and the vendee believes, relies, and acts on these representations, and they prove to be false, the vendor cannot shield himself from the consequences of his fraudulent conduct by interposing the plea of laches on the part of his vendee.

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

  G. A. Rutherford, for appellant.

  George M. O'Brien and Moses P. O'Brien, contra.

RAGAN, C.

On the 24th day of June, 1887, Agnes B. Hoock, by her contract in writing of that date, agreed to sell and convey to Anna K. Bowman lots 1 and 2, in Hoock's subdivision of lots 15 and 16, in Brookline, Douglas county, Nebraska. At the time of the making and delivery of the contract Mrs. Bowman paid $100 of the purchase money, the contract providing that the remainder should be paid in three equal annual installments; and when such payments were made Mrs. Hoock was to execute to Mrs. Bowman a deed of conveyance for the property mentioned in the contract. Default in the payments having occurred, Mrs. Hoock brought this suit to the district court of Douglas county against Mrs. Bowman for an accounting of the amount due her from Mrs. Bowman on the contract, and for a decree ordering the property sold to pay the amount found due. Mrs. Bowman, as a defense to this action, pleaded that prior to the execution of the contract sued upon the plaintiff represented to her that said lot 1 was a corner lot, bounded on the north by Park street and on the east by Sawyer street, and that lot 2 was contiguous to lot 1, and both fronted on Sawyer street; that she, Mrs. Bowman, relied upon these representations and believed the same to be true; and in consequence of the statements and

10

her belief in their truth she entered into the contract sued upon, agreeing to purchase the lots. She then averred that the representations made by plaintiff were false, and known by her to be false at the time they were made, and that they were made by the plaintiff with intent to deceive the defendant; and that since her discovery that the representations made by the plaintiff as to the situation of the lots were false, she, the defendant, had refused to make any further payments under the contract. She prayed for a rescission of the contract and for a judgment against Mrs. Hoock for the money she had paid on the lot. The district court specially found that this defense of Mrs. Bowman was sustained by the evidence, and also found that the lots were not worth as much by $25 as they would have been had they been located as the plaintiff represented them to be; but refused the appellant a decree rescinding the contract, and deducted from the amount due Mrs. Hoock on the contract the $25, and rendered a decree ordering the lots to be sold for the payment of the remainder. From this decree Mrs. Bowman prosecutes an appeal to this court.

1. This appeal presents only the question of the correctness of the conclusion of law made by the court on the finding. The question is, were the false representations made by appellee as to the situation of these lots of such materiality as to entitle the appellant to a recission of the contract? The appellant desired these lots for the purpose of building thereon. This fact was known to the appellee. The appellee's agent showed these lots to the appellant, pointed out the corners and stakes, represented that lot No. 1 was a corner lot, that No. 2 was contiguous thereto, and that both fronted on Sawyer street. The addition of which the lots were a part had been platted by the appellee, but the streets had not been opened. We think these representations, under the circumstances, were material; and since they were believed, relied, and acted upon by the appellant, she was entitled to a rescission of the contract; but if

she chose to ratify the contract, she might have done so and sued the appellee for damages and recovered the difference between what the lots were worth as located, and what they would have been worth had they been located as represented.

In Delorac v. Conna, 29 Neb., 791, S. resided in California and owned a piece of land in this state worth $25 per acre, which land she had never seen and of whose location and value she had no knowledge. C. falsely represented to S. that the land was wild and unproductive, and that $10 per acre was far above its real value. Believing these representations, S. sold and conveyed the land to C. It was held that S. was entitled to a rescission of the contract.

In Cruess v. Fessler, 39 Cal., 336, it was held that a misrepresentation of the value of a business and good-will knowingly made by the vendor was fraudulent and entitled the purchaser to a rescission of the contract.

In Livingston v. Peru Iron Co., 2 Paige Ch. [N. Y.], 390, the vendee applied to the vendor to purchase a lot of wild land, and represented to him that it was worth nothing except for the purpose of a sheep pasture, the vendee knowing at the time that there was a valuable mine on the land, of the existence of which the vendor was ignorant. It was held that the representations made by the vendee as to the value of the land and his concealment from the vendor of the existence of the mine were fraudulent and entitled the vendor to a rescission of the conveyance he had made to the vendee.

In Stevens v. Giddings, 45 Conn., 507, the plaintiff offered a city lot for sale at auction. The auctioneer at the sale represented that the lot had a depth of 100 feet. The purchaser relied upon this representation in buying the lot. It turned out afterwards that the lot was but $95\frac{1}{2}$ feet deep. It was held that the representation was material, and that the purchaser was entitled to a rescission of the contract.

In Roberts v. French, 26 N. E. Rep. [Mass.], 416, a lot-

owner sold his lot at auction. The auctioneer stated that the lot contained a certain number of square feet; that its lines were of a certain length, as ascertained by an actual measurement made by himself. A bidder, relying upon these representations of the auctioneer, purchased the property. It was afterwards discovered that the lot contained several hundred square feet less than it was represented to contain, and that the boundary lines of the lot were shorter than stated to be by the auctioneer. It was held that the representations were material and entitled the puchaser to a rescission of the contract.

For other illustrations of misrepresentations as to the character, quality, and location made of real estate, entitling the purchaser to rescind the contract, see *McFerran v. Taylor*, 3 Cranch [U. S.], 269; *Neil v. Cummings*, 75 Ill., 170; *Witherwax v. Riddle*, 121 Ill., 140; *Harvey v. Smith*, 17 Ind., 272; *Gifford v. Carvill*, 29 Cal., 589; *McGibbons v. Wilder*, 43 N. W. Rep. [Ia.], 520; *McKinnon v. Vollmar*, 43 N. W. Rep. [Wis.], 800; *Wilson v. Yocum*, 42 N. W. Rep. [Ia.], 446; *Lynch v. Mercantile Trust Co.*, 18 Fed. Rep., 486. In this last case the agent of the owner went with the purchaser, showed the property, pointed out the boundary lines of it, and stated that the block included all the land lying between certain fences, and that its frontage on Fifth street was 600 feet. The lot in fact had a frontage of only 470 feet. It was held that the purchaser of the land was entitled to damages for the deceit, he having elected to ratify the contract.

2. To support this decree it is argued by the counsel for the appellee that notwithstanding the false representations made by appellee as to the location of this property, yet, nevertheless, the appellant has precluded herself by her laches from rescinding the contract. The laches imputed to appellant are that the plat of the addition, of which the lots are a part, was of record in the office of the register of deeds of Douglas county; that appellant,

by consulting this plat in the recorder's office, could have ascertained that lot 1 was not a corner lot bounded on the north by Park street; and that, as she did not make this inquiry, she is estopped. The answer to this argument is twofold: (1.) There is no evidence in this record to show that the plat of the addition was on record when the sale was made. (2.) It would make no difference if it was. The purchaser of real estate has a right to believe and rely upon representations made to him by his vendor as to the character, quality, and location of the property when the facts concerning which the representations are made are unknown to the vendee; and if a vendor makes material representations as to the character, quality, and location of his real estate, and the vendee believes, relies, and acts upon these representations, and they turn out to be false, the vendor cannot then shield himself from the consequences of his fraudulent conduct by interposing the plea of laches on the part of his vendee. This rule is supported by all the authorities.

Where one assumes to have knowledge of a subject of which another may be ignorant, and knowingly makes false statements regarding it, upon which the other relies to his injury, the party who makes such statements will not be heard to say that the person who took his word and relied upon it was guilty of such negligence as to be precluded from recovering compensation for injuries, which were inflicted on him under cover of falsehood. (*Eaton v. Winnie*, 20 Mich., 156.)

The omission by one of the parties to an agreement, to make inquiries as to the truth of facts stated by the other, cannot be imputed to him as negligence. Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party, and unknown to him, as the basis of a mutual agreement. (*Mead v. Bunn*, 32 N. Y., 275.)

In *Olson v. Orton*, 28 Minn., 36, a party falsely repre-

sented that the lands which he was offering to sell included certain timber lands. The purchaser relied upon this statement, which proved to be false, and he then sued the vendor for damages for the deceit, and the court held that the vendor could not avoid the consequences of his false representations, merely because the purchaser might have consulted the records of the official surveys, had the land surveyed, and thus ascertained if the boundaries included the timber land.

In *Union Nat. Bank v. Hunt*, 76 Mo., 439, it was held that a purchaser of stock of a bank, from the bank is entitled to rely upon assurances of an officer of the bank as to its financial condition, and if already a stockholder, is not bound to avail himself of his right of examining the books of the bank to ascertain whether the representations made to him were true.

In *Lynch v. Mercantile Trust Co.*, 18 Fed. Rep., 486, it was held: "The purchaser of land is entitled to rely upon the vendor's assertions about the boundaries, and is not obliged to consult the recorded plat." To the same effect see *Simar v. Canaday*, 53 N. Y., 298; *Carmichael v. Vandebur*, 50 Ia., 651; *McKee v. Eaton*, 26 Kan., 226; *Risch v. Von Lillienthal*, 34 Wis., 250; *Witherwax v. Riddle*, 121 Ill., 140; *Davis v. Jenkins*, 26 Pac. Rep. [Kan.], 459.

In *Backer v. Pyne*, 30 N. E. Rep. [Ind.], 21, it is said: "A false and fraudulent representation may be relied on by a person having no actual knowledge, although the fact in question is a matter of public record."

The decree appealed from is reversed and the cause remanded to the district court with instructions to enter a decree in favor of the appellant, canceling the contract in suit, and to take an account of the amount paid by the appellant to the appellee on said contract, and render a judgment in favor of appellant therefor.

REVERSED AND REMANDED.

IRVINE, C., not sitting.