## PATRICK MULLEN v. LOUISA KINSEY.

FILED FEBRUARY 3, 1897. No. 7018.

1. **Vendor and Vendee: FRAUD.** A purchaser of real estate has a right to rely upon the representations of his vendor touching the quality and location of the property, and the character of the improvements thereon, whenever the facts concerning which such representations are made are not within the knowledge of the purchaser.

2. ———: ———. Evidence examined, and *held* to sustain the judgment for damage on account of fraudulent representations by the vendor touching the character and value of improvements upon the lands conveyed.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

*Charles B. Keller*, for plaintiff in error.

*Warren Switzler, contra.*

POST, C. J.

This was an action below in the district court for Douglas county by the defendant in error, Louisa Kinsey, against the plaintiff in error, Patrick Mullen, to recover damage on account of certain alleged false and fraudulent representations of the latter as an inducement to the purchase by the former of a certain quarter section of land in Holt county. The fraud charged consists in the false statement relied upon by the plaintiff below, that there were situated upon the Holt county land a frame dwelling house 20 by 40 feet, with a stone foundation, of the value of $600, and a barn 20 by 30 feet, of the value of $200; a frame granary 10 by 20 feet, of the value of $200, together with good fences, outhouses, etc.; also that 65 acres of said land was under cultivation, in addition to which there was, as represented, situated thereon an orchard of 5 acres. The material allegations of the petition were all put in issue by the answer

and a trial had resulted in a verdict for the plaintiff below in the sum of $250, upon which judgment was subsequently entered and which it is sought to reverse by means of this proceeding.

The question to which our attention is especially directed by counsel for the plaintiff in error is that of the sufficiency of the evidence to sustain the judgment. In this connection it is contended that the defendant in error did not rely upon the alleged representations respecting the land in question, but upon an independent investigation made under her direction; and in support of that proposition we are referred to the fact that one Green, defendant in error's agent, pending the negotiation which resulted in the contract, at the instance of the latter, wrote to Holt county for information respecting said land. But the inquiry made appears to have been confined to the character of the land only, and a reason was given, satisfactory to the jury, for the reliance by the defendant in error upon the representations of the adverse party touching the value of the land and the improvements thereon. It is also argued that the representations, as proved, related to the value of the property only and that they are accordingly not actionable, even conceding them to have been false; but there is evidence clearly tending to prove the plaintiff's charges and which for the purpose of this investigation is quite sufficient to sustain the judgment complained of. A purchaser of real estate has a right to rely upon the representations of his vendor touching the quality and location of the property and the character of the improvements thereon whenever the facts concerning which such representations are made are not within the knowledge of the vendee. (*Hoock v. Bowman*, 42 Neb., 80, and authorities cited.)

Exception was taken to the admission in evidence of a sworn statement or application for a loan made by one Price, plaintiff in error's grantor, in which the representations respecting improvements correspond to the alle-

Mullen v. Kinsey.

gations of the petition below. We think a sufficient foundation had been laid for the introduction of the evidence complained of. The negotiations which resulted in the conveyance by the plaintiff in error of the Holt county land in exchange for certain property in the city of Omaha were conducted on the part of the latter by one Spencer, and who, as an inducement to such exchange, submitted to defendant in error the statement aforesaid as evidence of the character and value of the improvements upon the premises of his principal. It is evident from the record that Spencer, in the transaction mentioned, was acting within the scope of his authority as plaintiff in error's agent in effecting the desired exchange of property and that the ruling assigned is free from error.

It is next assigned that the district court erred in permitting one Saunders, a witness for defendant in error, to testify to the value of the Holt county property and also the improvements thereon at the time of the transaction here involved, to-wit, in the month of July, 1889. The objection that no foundation had been laid for such testimony is clearly without merit. The witness had, according to his own statement, bought and sold real estate in Holt county, and was acquainted with the market value of lands in that vicinity at the time in question.

Error is also alleged in the giving and refusing of instructions. But the questions thus presented, so far as they are material to the controversy, have been noticed in connection with the other assignments.

There is no error in the record and the judgment will be

AFFIRMED.