JOHN W. FARLEY V. JOHN WEISS, JR.

FILED APRIL 18, 1906.   No. 14,273.

1. **Vendor and Purchaser: FRAUD.** Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party, and unknown to him, as a basis of a mutual agreement.

2. **Instructions** examined, and *held* not prejudicial.

ERROR to the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*W. W. Thompson* and *H. C. Vail,* for plaintiff in error.

*J. S. Armstrong* and *A. E. Garten, contra.*

OLDHAM, C.

This was an action instituted by the plaintiff in the court below against the defendant for damages for fraud and deceit alleged to have been perpetrated upon plaintiff by defendant by misrepresentations as to the character, quality, improvement, and value of a forty-acre tract of land situated in Garfield county, Colorado, which was deeded to plaintiff by defendant at the agreed price of $1,200 in part payment for a one-half interest in a stock of merchandise situated in Cedar Rapids, Nebraska, which plaintiff traded to defendant. The petition alleged that plaintiff was without any knowledge of the value, character or improvement on the land; that defendant falsely represented that the land contained improvements in the nature of a house and outbuildings and that nine acres of the land were in alfalfa and under irrigation, and that the land was of the reasonable value of $1,200; that defendant had been on the land, and had personlly examined it and knew the condition thereof; that plaintiff, relying on these representations, accepted the land without making any further investigation as to its value, character, or im-

provements; that the representations as to the improvements and character of the land were false; and that the land, in fact, was not worth to exceed $50. Defendant admitted the transfer of the land at the agreed price of $1,200, but alleged that he warned plaintiff at the time of the trade that he (the defendant) knew but very little about the land, and that what he told him as to the improvements and value were based on information that he (the defendant) had received from third parties, and not on his own knowledge. Defendant also alleged that he warned plaintiff that he had better examine the land before accepting it, but that the plaintiff, being anxious to close the deal, accepted the deed without making any further investigation as to the character and value of the land. On issues thus joined, there was a trial to the court and jury, a verdict for the plaintiff for $1,150, judgment on the verdict; and to reverse this judgment defendant brings error to this court.

It is conceded in the brief filed on behalf of the defendant that the testimony as to the alleged fraudulent representations of the land, while in sharp conflict, is sufficient to sustain the judgment, and the only alleged error in the proceedings, for which a reversal of the judgment is asked is the giving of paragraph eight of instructions by the court on its own motion. This instruction is as follows: "You are instructed that if you believe from the evidence that the real estate in question was purchased on the personal representations of the defendant, and such representations were false as to value and improvements, and the plaintiff did not know the land, and had no opportunity to examine it and was prevented from examining the property or making inquiries as to its condition or value by a trick or fraud of defendant, the measure of damages that the plaintiff is entitled to recover is the difference in value between the land as represented and as it actually is." It is apparent that this instruction, construed with other instructions given, is correct and in harmony with the holdings of this court in *McKnight v. Thompson,* 39 Neb. 752;

*Hoock v. Bowman,* 42 Neb. 80; *Stochl v. Caley,* 48 Neb. 786, but the contention is that so much of the instruction as submitted the question of plaintiff having been prevented by trick or fraud of defendant from making other inquiries or examination of the land himself is wholly unsupported by the evidence, and should not, for that reason, have been given for the consideration of the jury. This instruction was given in connection with others requested by the defendant, which told the jury in substance that, if defendant told plaintiff that the representations as to the land were only such as he had learned from others and were not based on his own personal information, then the jury should find the issues for the defendant. It is without dispute in the testimony that defendant had made a personal examination of the land before the trade was entered into, and that plaintiff had never seen the land, which was located in another state and at a considerable distance from the place where the trade was made. Plaintiff rested his cause on alleged misrepresentations made by defendant as to facts within the knowledge of the defendant, and wholly unknown to plaintiff. The court, having given defendant's theory of the transaction to the jury in instructions, which were not complained of, was fully justified, as we deem it, in presenting plaintiff's theory in the instruction complained of. In *Meade v. Bunn,* 32 N. Y. 275, it is said:

"The omission, by one of the parties to an agreement, *to make inquiries* as to the truth of facts stated by the other, cannot be imputed to him as negligence. Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party, and unknown to him, as the basis of a mutual agreement."

The doctrine announced in this case has been quoted with approval by this court in the case of *Hoock v. Bowman, supra,* and, we think, correctly states the law. It is beyond dispute from the testimony in the case at bar that defendant had, or should have had, personal knowledge of the character and improvement of the land which he traded

to plaintiff.  It is also clear from the testimony that the defendant knew at the time of the trade that plaintiff had no knowledge, or opportunity of knowing, as to these facts.  And as to whether defendant made the statements on his own knowledge or on mere representations of third parties was submitted to the jury in the instructions above referred to.  Hence it seems to us to have been proper to fully submit plaintiff's theory, a part of which was that he was prevented from making a further investigation as to the nature and improvement of the land because of his reliance on the misstatement of facts communicated to him by the defendant.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court:  For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.