HENRY W. ABTS COMPANY, APPELLEE, v. THOMAS J. CUNNINGHAM, APPELLEE; PATRICK W. CUNNINGHAM, APPELLANT.

FILED APRIL 17, 1914.    No. 17,703.

1. **Contracts: FALSE REPRESENTATIONS.** "A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact, and where an investigation would be required to discover the truth." *Foley v. Holtry*, 43 Neb. 133, *Brucker v. Kairn*, 89 Neb. 274.

2. ———: ———. Where a party negotiating for a contract has knowledge of material facts, and the other party is ignorant thereof and does not have the means of knowledge at hand, the latter may rely upon positive statements of the former.

3. ———: ———: **FAILURE TO INVESTIGATE.** A party who procures a contract by active fraud in making false representations of material facts cannot urge the negligence of the defrauded party in failing to make an investigation which would have resulted in the discovery of the truth.

4. **Appeal: REVERSAL: INSTRUCTION.** The giving of a prejudicial, erroneous instruction on a vital issue is a sufficient ground for the reversal of a judgment.

APPEAL from the district court for Boone county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*Frank D. Williams* and *Albert & Wagner*, for appellant.

*Garlow & Long* and *A. E. Garten*, contra.

ROSE, J.

This is an action on a promissory note for $2,455.82, dated October 26, 1910, payable with interest in monthly

instalments of $100 each, beginning December 1, 1910. Plaintiff is payee. Defendants, Thomas J. Cunningham and Patrick W. Cunningham, are makers. The former made default, and the latter answered, admitting the execution and delivery of the note, and pleading as a defense that his signature was procured by false representations of plaintiff in regard to the solvency, assets and liabilities of his codefendant, for whom he was merely a surety. On the issue of fraud, which was denied by a reply, the jury rendered a verdict in favor of plaintiff. From a judgment in its favor for $2,613.40, the answering defendant has appealed.

The principal error assigned is the giving of the following instruction: "You are instructed that where representations are made respecting a subject as to which the complaining party has at hand reasonably available means for ascertaining the truth, and the matter is open for inspection, if, without being fraudulently diverted therefrom, he does not take advantage of this opportunity, he cannot be heard to impeach the transaction on the ground of falsehoods of the other party." This would probably be a correct statement of the law, if applicable to the facts; but there is no evidence that the answering defendant had at hand reasonably available means for ascertaining the truth. On the contrary, there is proof that an investigation would not have disclosed the facts.

There was direct and positive testimony tending to prove the following facts: Plaintiff was a wholesale grocer' at Columbus. The defaulting defendant, a customer of plaintiff, had been a retail merchant at Spalding. He owed plaintiff the amount for which the note was given, and was insolvent at the time. He owed other creditors about $4,500. His stock of merchandise was worth about $600, and he owned collectable, outstanding accounts amounting to $300. The answering defendant is his uncle, who lives in the country nine miles from Spalding. Plaintiff's president went to the retail store, procured the defaulting defendant's signature to the note, and afterward went to the home of the answering defendant and told him that the

stock owned by the nephew was of the value of about $4,000 or $5,000, that the nephew owned good accounts amounting to $800, and that his other debts were about $400 or $500. The answering defendant did not know the value of his nephew's stock or the extent of his assets or liabilities. He did not know that his nephew was insolvent. He could not have estimated the value of the merchandise, had he made an investigation. He believed and relied upon the false representations made by plaintiff's president, and was thus induced to sign the note in controversy.

Some of the facts of which there is proof are thus narrated for the sole purpose of testing the instruction quoted. All evidence of fraud is emphatically contradicted by plaintiff, and in what is here said there is no purpose to express an opinion on any issue of fact. It has been shown that plaintiff was a wholesale merchant. Its president visited the store at Spalding, and promptly went from there to the home of the answering defendant. The business of plaintiff's president would naturally acquaint him with the value of a stock of merchandise. The answering defendant testified he had no such knowledge. According to his testimony, the parties did not have equal means of knowledge. If he told the truth, plaintiff's president made material statements of fact under circumstances justifying reliance thereon by the answering defendant, who stated he would not have signed the note, had the representations not been made. On the issue of fraud, he should have had the protection of the following rule: "A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact, and where an investigation would be required to dis cover the truth." *Foley v. Holtry*, 43 Neb. 133. *Fargo Gas & Coke Co. v. Fargo Gas & Electric Co.*, 4 N. Dak. 219, 37 L. R. A. 593, note VIII.

The instruction quoted deprived the answering defendant of the rule stated. It also deprived him of the benefit of the principle that where one party has knowledge of material facts, and the other is ignorant thereof and does not have the means of knowledge at hand, the latter may

rely upon positive statements of the former: *Fargo Gas & Coke Co. v. Fargo Gas & Electric Co.*, 4 N. Dak. 219, 37 L. R. A. 593, note VIII*a*.

The instruction assailed also released plaintiff from the rule that a party guilty of active fraud in making false representations of material facts cannot urge the negligence of the defrauded party in failing to make an investigation which would have resulted in the discovery of the truth. *Hoock v. Bowman*, 42 Neb. 80; *Fargo Gas & Coke Co. v. Fargo Gas & Electric Co.*, 4 N. Dak. 219, 37 L. R. A. 593, note II.

For the giving of an erroneous instruction on a vital issue, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.