[Civil No. 2103.  Filed April 10, 1924.]

[224 Pac. 620.]

# C. B. PERKINS and C. E. FRANKLIN, Appellants, v. ANABEL GROSS, Appellee.

1. FRAUD—RULE THAT BUYER'S EXAMINATION RELIEVES SELLER FROM LIABILITY NOT UNIVERSALLY APPLICABLE.—The rule that a buyer's examination of a thing to be purchased relieves the seller from liability for representations made may be rendered inapplicable by the relation of the parties, the judgment and experience of the buyer, or the character of the thing examined.

2. FRAUD—EVIDENCE HELD TO ESTABLISH PURCHASER'S RELIANCE ON REPRESENTATIONS OF BROKERS. — In an action for false representations made by real estate dealers inducing a purchase of a house by a schoolgirl who had previously been counseled in business matters by one of defendants, evidence *held* to establish reliance by plaintiff on representations made by defendants.

3. FRAUD—MEANING OF TERM "NEW" AS USED IN REPRESENTATIONS CONCERNING HOUSE HELD FOR JURY.—In an action for false representations that a house sold plaintiff was a new stucco-covered brick house, where the evidence established that, though newly constructed, the framework of the house was of old material, and the walls of adobe covered with plaster, *held* that it was properly left to the jury to determine in what sense the term "new" was used in the representations.

4. PARTIES — PURCHASER OF REALTY HELD ENTITLED TO SUE FOR DAMAGES FOR FRAUD.—One whose purchase of a house was induced by false representations of realty brokers, *held* under Civ. Code 1913, paragraph 400, entitled to sue for damages sustained because of such false representations, though the money paid by her had been furnished either in whole or in part by someone else; her capacity either as sole party in interest or as trustee being immaterial.

---

1.  See 12 R. C. L. 361; 27 R. C. L. 358.

2.  Representations by vendor as to value of property, see notes in 15 Am. Rep. 382; 18 Am. St. Rep. 556.

2.  Right to rely upon representation made to effect contract as a basis for a charge of fraud, see note in 37 L. R. A. 593. See, also, 12 R. C. L. 359.

4.  See 27 R. C. L. 379.

5. TRIAL—CREDIBILITY OF WITNESSES IS FOR THE JURY. — Credibility of witnesses is for the jury.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Affirmed.

Mr. Paul J. Cella and Mr. William R. Misbaugh, for Appellants.

Mr. A. I. Winsett, for Appellee.

LYMAN, J.—Anabel Gross, the appellee, sued Perkins and Franklin, appellants, to recover damages which she claims to have suffered on account of false representations made to her concerning a house which she purchased from them. The house was said to be a new stucco-covered brick house. It is conceded that it was not brick, and that part of the material which went into its construction had already served its purpose in a different structure. The case was tried to a jury, which returned a verdict in favor of the appellee, upon which judgment was rendered.

One of the errors complained of is that the court declined to instruct the jury to return a verdict for appellants as it should have done, because it appeared from the evidence that before the sale was consummated the appellee had made some sort of an examination of the house, and should not, therefore rely upon representations made by the appellants as the basis for purchase.

The appellee was a schoolgirl, not shown to have been better informed as to house construction than most persons of like status; that the appellees were real estate brokers; that the one with whom the ne-

<hr>

5. See 28 R. C. L. 657.

See 26 C. J. 1164; 27 C. J. 5 (1925 Anno.), 71, 74; 38 Cyc. 1518.

gotiations seem chiefly to have been made had pre-
viously counseled appellee concerning business mat-
ters, and addressed her by the familiar term of ''dear
Belle''; that appellee came to Tucson shortly before
these negotiations were consummated, and three days
later completed the purchase of the house in ques-.
tion. She was taken to the house by one of the ap-
pellants, and spent five or ten minutes in looking
through it. She afterwards visited it once or twice
more, and made a like cursory examination of the
building. Upon this evidence the appellants insist
that this examination by appellee rendered immaterial
any representations which may have been made by
them.

Reference is made to some statements of the rule of
law which seems to say that, where a buyer examines
the thing purchased, or has the opportunity of doing
so, the seller is thereby released from liability on
account of any representations which may have been
made. While this statement of the rule may be ap-
plicable to some transactions, it is not universally
correct. Much depends upon the relation of the
parties, the judgment and experience of the buyer,
and the character of the thing examined. In the
present instance the walls were constructed of adobe,
and were covered over with plaster on both sides, so
that the adobe was nowhere visible. The framework
was constructed in part of old material, which had
formerly been used elsewhere; but it was either for
the most part wholly concealed or covered over with
fresh paint. One witness testified that he was able
to detect the presence of the adobe construction by the
thickness of the wall, but it is not pretended that these
indications have any significance to the unsophisti-
cated eye; nor can it be rightly claimed under the cir-
cumstances in the face of assurances which had been
given by a trusted acquaintance that appellee should
have conducted an investigation into the architecture

and structure of this building to discover hidden defects which she had been assured did not exist. There is also evidence that the character of the framework could be discovered by certain inequalities on the surface, and lack of uniformity of the size of pieces which the paint could not conceal; but these things too, it was admitted, were significant only to the trained eye. Such examination as was made was merely superficial and cursory, and did not assume to be full or complete. The defects were hidden and not readily discernible. The parties to the transaction did not stand upon an equal footing. The evidence is clear that the appellee relied upon the representations made. *Hoock* v. *Bowman,* 42 Neb. 80, 47 Am. St. Rep. 691, 60 N. W. 389; *Pope* v. *Florea,* 167 Mo. App. 595, 152 S. W. 96; *Judd* v. *Walker,* 114 Mo. App. 128, 89 S. W. 558; *Western Mfg. Co.* v. *Cotton & Long,* 126 Ky. 749, 12 L. R. A. (N. S.) 427, 104 S. W. 758.

Appellants also claim that there was no evidence that the house was not in fact a "new house" within the accepted meaning of that term. The house had indeed been but recently constructed. If it had any lack of newness it was because some of the materials used in it had been formerly used for another purpose. This, it is claimed, did not make it an old house. The court instructed the jury that the term "new," as used in this connection, presumptively related to the time of construction, and not to the character of materials which entered into the house itself; but that it was possible for the word to have been used in a different sense, and that the sense in which it was used might be gathered from all the evidence in the case. The negotiations for the purchase of the house were for the most part carried on orally, and it was properly left to the jury under these instructions to determine in what sense the term "new" was used.

It is also claimed that the appellee fails to show any right in herself to maintain this action, because some uncertainty existed as to whether or not she was the sole party in interest. The money paid for the house was furnished either in whole or in part by someone else. The appellee says the money was loaned to her, and the contract of purchase was executed in her favor. It is immaterial whether she was the sole party in interest, or whether she acted in the relationship of trustee. The action was clearly maintainable in her name. Revised Statutes of Arizona, par. 400.

It is also objected that the evidence does not sustain the verdict, because it does not appear that the representations, though untrue, were made either recklessly or with knowledge of their falsity. The assignment of error upon this ground is based upon the unreliability of the testimony of one witness, who is not impeached excepting by the contradictory testimony of one of the appellants. The credibility of these witnesses was for the jury to determine, and its determination was adverse to the appellants. There is no legal ground for interfering with such finding. The instructions under which the case was submitted to the jury were very full and clear, and free from error.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.