CHARLES ODELL, APPELLEE, v. JAMES C. STORY, APPELLANT.*

FILED APRIL 23, 1908.   No. 15,134.

1. **Vendor and Purchaser: BOUNDARIES: REPRESENTATIONS.** While the owner of real estate is presumed to know the boundaries thereof, and a purchaser who has no knowledge of such boundaries may rely on the representations of the owner relating thereto when positively made, he is not authorized to rely upon an opinion of the owner or his statement of the distance from a known to an unknown corner, but must in such case investigate and ascertain for himself the true boundary.

2. ————: **FRAUD: DAMAGES.** When the owner of land has pointed out to his vendee land which he did not own as land which he proposed to sell and convey, and has conveyed to him land of less value than that pointed out and which the vendee supposed he was buying, the vendee may recover the difference in value

* Rehearing allowed. See opinion, p. 442, *post.*

between the land shown him as the subject of his purchase and the land actually conveyed.

3. **Evidence.** The understanding of a witness derived from language used by a party is not competent evidence for a jury. The language used should be detailed, and the inference deducible therefrom is for the jury to determine.

4. ———: OPINIONS OF WITNESS. In a suit brought to recover damages for fraud and deceit in a sale of land, the opinion of a witness as to the amount of damage sustained by the plaintiff is not competent evidence, that being a question for the jury.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Reversed.*

*W. S. Morlan* and *Boyle & Eldred,* for appellant.

*Perry & Lambe, contra.*

DUFFIE, C.

In January, 1906, the plaintiff purchased from the defendant 320 acres of land in Hitchcock county, Nebraska. The land purchased is the southwest quarter of section 31, the west half and the southeast quarter of the northwest quarter, and the southwest quarter of the northeast quarter of section 31, in township 4, of range 34 west of the sixth P. M. It will be noticed that the south boundary line of the land purchased is one-half mile in length. The plaintiff in his petition alleges that the defendant pointed out and represented to him that the southeast corner of the southwest quarter of section 31 was 80 rods east of its true location, and that the land he was selling him included a tract of level farming land lying east of the land actually sold and conveyed; that he represented the land to contain 200 acres of good level land with deep soil well adapted to corn and wheat raising; that he was a stranger to that part of the country, had no knowledge of the land he was purchasing, and, relying upon the defendant's representation, paid $3,100 for said land; that the land sold and conveyed to him did not contain to

exceed 60 or 70 acres of level farming land, and was worth $2,500 less than the land pointed out, and which he supposed he was buying. The defense was a denial of any false representations relating to the boundary of the land, and, further, that plaintiff before making his purchase examined and investigated the location, boundary and character of the land and character of the soil, and that means of knowledge of all matters were open to the plaintiff and equally available to both parties. The jury awarded the plaintiff $1,600 damages, and from a judgment entered upon the verdict the defendant has appealed.

The testimony of the plaintiff and of several witnesses who testified in his behalf tended strongly to establish the allegations of the petition, but the defendant testified, in substance, that he showed the plaintiff a fence on the west boundary line of section 31, as well as the south line of said section, and told him and those with him that the southeast corner of the southwest quarter was one-half mile east from the fence on the west line, and denied locating the southeast corner or pointing it out. The law in this state seems to be well settled that a purchaser of real estate has a right to rely upon representations made by his vendor relating to the location of his property, when the facts concerning which such representations are made are unknown to the vendee. *Hoock v. Bowman,* 42 Neb. 80. In that case, *Roberts v. French,* 153 Mass. 60, was referred to with approval. In *Roberts v. French,* a lot was sold at auction. It was inclosed by a fence. The auctioneer announced that he had measured the lot, and that its dimensions were as stated in the advertisement, except as to the easterly line, which was 107 feet long, and that the lot contained about 11,000 square feet. The plaintiff was familiar with the premises, and he understood that he was buying only the land inclosed by the fence, but according to his evidence he believed the statements of the auctioneer as to the length of the line and the area, and made his bid relying upon

them. It was afterwards ascertained that the easterly line was in fact only 95½ feet long, and that the contents of the lot was 7,760 feet instead of 11,000 feet. The action was to recover the purchase price. In the opinion it is said:

"Notwithstanding the plaintiff's knowledge how the land looked, the jury also might have found that the statement in fact deceived him, and induced him to buy, and that it materially varied from the truth. It is true that the agreement was to buy a lot with known boundaries, and very likely, in the absence of fraud, the rule would apply that monuments govern distances in such agreements and in deeds with warranty. * * * But that is only a rule of construction; it does not mean that measurements are not material, or that a man who knows the monuments cannot be deceived about them. * * * When a man conveys 'the notion of actual measurement,' * * * still more when he says that he has measured a line himself and has found it so long, his statement has a stronger tendency to induce the buyer to refrain from further inquiry * * * than a statement of the contents of a lot without giving grounds for the estimate. If false, it is a grosser falsehood. It purports on its face to exclude the suggestion that it is a mere estimate which the other leaves open."

It will be presumed that the owner of land knows the boundaries thereof, and, in the absence of something to put him on inquiry, a purchaser from the owner is entitled to rely upon positive statements made by the owner as of his own knowledge concerning the boundary. If, however, he does not pretend to point out the boundary, but merely gives his opinion or states the distance from a known to an unknown corner, the purchaser is not at liberty to rest upon such representations as matters of fact, but must ascertain for himself the true boundary line. In this view of the law, instruction numbered 3, asked by the defendant and refused by the court, should have been given the jury. The instruction is as follows:

"In order for the plaintiff to recover on account of any false representations of the defendant in this action, it must appear by a preponderance of the evidence that the representations upon which the plaintiff claims to have relied were made by the defendant with reference to the location or boundary of the land involved as a positive statement of existing facts, and not as a mere expression of opinion by the plaintiff; hence, if you believe that any statements made by the defendant as to the location of said land or boundary thereof were made as merely an expression of opinion, and not as a positive statement of existing facts, the plaintiff cannot recover in this action, and your verdict should be for the defendant."

Exceptions were taken to the instructions given relating to the issues made by the pleadings, and to the measure of damages. We think the instructions given by the court on its own motion fairly stated the issues made, and that they are lacking only in furnishing the jury with the measure of damages in actions of this character. One or more of the instructions given on the request of the plaintiff relate to the measure of damages, but it would have been better had the court on its own motion told the jury that the plaintiff, if entitled to recover, should be allowed the difference in value between the land pointed out to him as the land which the defendant was offering to sell and the land which the defendant afterwards conveyed to him. The great trouble with the instructions, as we view it, is their multiplicity. As said in *City of Beatrice v. Leary,* 45 Neb. 149: "Instructions in a case should be few in number, and should present to the jury the law applicable to the issues in the case in simple language and terse sentences. Numerous instructions, or instructions with long and involved sentences, are more likely to confuse the jury and lead it astray than to enlighten it and direct it to the material points of the case."

Exceptions were also taken to the evidence admitted by the court. The following question propounded to one

of plaintiff's witnesses will illustrate the character of the evidence to which the defendant took exceptions. "What did you understand was the east line of this land as represented to you by defendant Story on the 8th day of January of this year?" The question and answer were objectionable and prejudicial. The understanding of the witness obtained from the language used by the defendant was not the question in issue, and was immaterial. He should detail what the defendant said concerning the boundary line, and leave it to the jury to say what impression or understanding the plaintiff was justified in coming to from the language used. It was for the jury and not for the witness to say what inference the language used justified. The plaintiff himself was asked what damage he sustained in consequence of the false representations made by the defendant, and he answered that his damage was $2,500. This, of course, was the very question which the jury was to determine from facts placed before them by the evidence. The court should not allow the witness to usurp the functions of the jury. The opinion of the witness relating to the damages sustained was not competent evidence for their consideration.

We recommend a reversal of the judgment and remanding the cause for another trial.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.

The following opinion on rehearing was filed December 17, 1908. *Former judgment of reversal adhered to:*

1. Appeal: REFUSAL OF INSTRUCTION. To refuse an instruction that is not applicable to the evidence does not constitute error.

2. ———: JUDGMENT: EVIDENCE. A judgment will be reversed for the reception of improper evidence where it is probable that such improper evidence influenced the verdict of the jury.

CALKINS, C.

The issues involved in this case are set forth in the former opinion by DUFFIE, C., *ante,* p. 437, which contains a sufficient statement of the facts.

1. In the former opinion it was said that instruction No. 3, quoted therein, should have been given to the jury. Upon consideration we are satisfied that the court did not err in refusing to give this instruction. As stated in the former opinion, the testimony of the plaintiff and several witnesses who testified in his behalf tended strongly to establish the allegations of the petition, while the defendant, denying these allegations, testified that he showed the plaintiff a fence on the west boundary line of section 31, and told him that the southeastern corner of the southwest quarter was one-half mile east from the fence on the west line. Further than this he does not appear to have given any opinion concerning the location of the southeast corner. The instruction referred to was not therefore applicable to the evidence, and, further, it might be construed as directing the jury to find for defendant if any statement made by defendant concerning either the boundaries of the land or the land itself was an opinion.

2. The plaintiff, in his argument, does not attempt to justify the admission of evidence, examples of which are given in the former opinion, but argues that the verdict was the only one which could have been returned under the evidence, and that therefore such errors should be disregarded. We have carefully read the evidence, and we are satisfied that the testimony would have justified a verdict for the defendant. The defendant's testimony is direct and to the point, and, if true, it fully establishes his defense. It was opposed by the testimony of other witnesses; but the question of the veracity of the witnesses was one for the jury, and there was evidence sufficient to support a verdict for either party.

The plaintiff called as a witness one Wilson, who ap-

Odell v. Story.

peared to have been present at the time the plaintiff pointed out the boundaries of the land. After questioning him concerning what was said and done, the plaintiff propounded the following question: "From the representations made by Mr. Story and what he stated with reference to the east boundary line, would you or would you not be led to believe that the west half of the southeast quarter and the northeast quarter of the southeast quarter were a part of the land that he was trying to sell the plaintiff Odell?" This question was objected to on the ground that it was incompetent, irrelevant, and called for a conclusion of the witness; but the objection was overruled, and the witness answered, "Yes, sir." It is hardly necessary to say that this was a violation of the general rule that the fact that any person is of opinion that a fact in issue or relevant to the issue does or does not exist is not regarded as relevant, and it cannot be contended that this question falls within the well-known exceptions to such rule. We are not able to say that such evidence might not or probably did not influence the judgment of the jury. We think the plaintiff's argument upon this question is inconsistent. He asks us to say that the evidence could only justify a verdict for the plaintiff, and, to convince us of that, he, in his brief, quotes the above question and answer. If the faith of the learned counsel in his having made his case is based upon such evidence as this, we may well believe that it influenced the jury in arriving at their decision.

We are satisfied that a verdict resting upon such testimony should not be allowed to stand, and we recommend that the former decision of this court be adhered to.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to.

JUDGMENT ACCORDINGLY.