## Arnold et al. v. Campbell et al.
### (Decided Oct. 9, 1936.)

J. B. JOHNSON and GRAY & FEATHER for appellants.

J. J. TYE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

By a written contract dated and executed April 2, 1930, A. C. Black and J. W. Campbell sold to O. L. Arnold and B. H. Goodin "all of the white oak timber on the first tract of land described in deed from W. H. Campbell and wife to J. W. Campbell and A. C. Black, said deed being dated December 23rd, 1929, but the said second parties will get only the white oak timber on the East Side of Indian Creek, the said timber is located on the following boundary of land, to wit:" (here follows the description by metes and bounds). The contract further provides: "Second parties shall have all of the merchandisable white oak timber on said boundary of land fourteen inches and more in diameter, measured

two feet above the ground, the point on the ground from which measurement is to be made will be the average level of the land.'' There are other references to ''the above described boundary of land'' and to ''the land described in this contract.'' Another provision is ''J. W. Campbell agrees to point out the boundary lines of the timber lands described herein so that second parties may avoid cutting timber on the lands of other parties.'' The consideration for the sale was $1,000 cash and three notes for $416.67, payable respectively in 60, 90, and 120 days from date.

This suit was brought by J. W. Campbell and A. C. Black against the purchasers, O. L. Arnold and B. H. Goodin, to recover the sum of $321, the balance due on the note payable 120 days after date. By joint answer and counterclaim and amendments thereto the purchasers presented the following defense: Before the contract was signed, plaintiff, J. W. Campbell for himself and as joint owner and agent of his copartner, took John Taylor, defendant's agent, who was sent to estimate the timber, to the tract of land described in the contract and pointed out to him the outside boundary lines of said tract.

The boundary so pointed out included the timber on about 20 acres of land that was afterwards found not to be the land of plaintiffs, and which timber the defendants did not get to cut or use. The defendants did not know the boundary of the land and plaintiffs did know. The defendants relied upon the representations of plaintiffs, which were made for the purpose of inducing the defendants to rely upon same, and but for such representations so made the defendants would not have signed the contract. On said 20 acres were 100 white oak trees of the value of $8 each. By reason of such fraudulent representation the defendants were entitled to an abatement of the purchase price in the sum of $800, for which they ask judgment. A demurrer was sustained to the answer and counterclaim and the various amendments, and the defendants having declined to plead further the counterclaim was dismissed and judgment was rendered in favor of plaintiffs for $321.20, with 6 per cent. interest from December 31, 1934, until paid. The case is before us on motion for an appeal.

In support of the ruling below it is argued that the

contract filed therewith contradicts the allegations of the answer, counterclaim, and various amendments, and therefore renders the pleading insufficient. In this connection attention is called to the fact that the contract clearly shows that only the timber on a specified boundary of land was sold, and that the pointing out of the boundary lines of the timber land was to take place after the signing of the contract. If this were a case where it was sought by parol evidence to alter or change the terms of a written contract on the ground that some provision of the contract which the parties intended to make was omitted from the contract through fraud or mistake, a different question would be presented. The ground of the defense is not that anything was omitted from the contract by fraud, but that the defendants were induced to enter into the contract by fraudulent representations as to the extent of the boundary on which the timber was located. Of course fraud may be predicated upon the fact that the vendor of land falsely represents that certain land is included in the tract sold, or misrepresents the lines or boundaries of the land. Daniel v. Pogue, 2 Ky. (Sneed, Ky. Dec.) 98, 2 Am. Dec. 708, 12 R. C. L. p. 276, and it is the rule that, where the vendor actually misrepresents the boundary of the land or timber conveyed so as to cover ground or timber not owned by the grantor and not included in the conveyance, and the purchaser relies upon such misrepresentations and is thereby induced to make the purchase, he will be entitled to an abatement of the purchase price to the extent of the loss sustained, and it is wholly immaterial whether such misrepresentation is innocently or fraudulently made. Hull v. W. T. Reynolds Lumber Co., 227 Ky. 677, 13 S. W. (2d) 1014. In the very nature of things the contract of sale in such a case is not conclusive. If it were, fraud in its obtention would never be available. We therefore conclude that the demurrer to the answer and counterclaim as amended was improperly sustained.

It is admitted that the judgment allows too much interest, and this error may be taken care of on another trial.

Wherefore, the appeal is granted, and the judgment reversed, and the cause remanded for a new trial not inconsistent with this opinion.