## PIPER ET UX. *v.* JENKINS ET UX.

[No. 154, October Term, 1954.]

310

*Decided May 18, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *David E. Betts, Thomas R. Brooks* and *Charles W. Prettyman* for the appellants.

*Edward C. Bell, Jr.*, with whom were *Green, Babcock & Bell* on the brief, for the appellees.

DELAPLAINE, J. delivered the opinion of the Court.

This suit was entered in the Circuit Court for Prince George's County by George A. Piper and wife, of Silver Spring, against Melvin L. Jenkins and wife, of Laurel, to recover damages resulting from fraud alleged to have been committeed in the sale of a lot improved by a dwelling in Montgomery County.

Plaintiffs alleged in their declaration: (1) that on October 22, 1947, Piper entered into a contract to purchase from defendants a lot of ground in Montgomery County for the sum of $7,500, and on November 19,

1947, plaintiffs made settlement in accordance with the terms of the contract and the title was conveyed to them; (2) that before entering into the contract Jenkins walked over the land with Piper and pointed out to him a garden east of the house on the lot and specifically represented that the east boundary line of the lot ran about one foot east of the garden, thereby representing that the improvements on the lot are entirely within the boundaries of the lot; (3) that in Febraury, 1952, plaintiffs discovered that the improvements are not entirely within the boundaries of the lot, but on the contrary the north line of the house projects upon the adjoining lot for a distance of 3.87 feet on the north side and 8.25 feet on the south side; and (4) that the representation made by Jenkins was a material misrepresentation of fact made with knowledge of its falsity or with reckless disregard for its truth or falsity.

Defendants filed the general issue plea and a plea that the cause of action did not accrue within three years prior to the institution of suit. They also filed a motion for summary judgment on the ground that there was no genuine dispute as to any material fact relating to the issue. Plaintiffs replied that the cause of action did accrue within three years prior to the institution of suit. Defendants demurred to the replication. The Court sustained the demurred and entered judgment in favor of defendants. Plaintiffs appealed from the judgment.

In the leading English case of *Derry v. Peek,* L. R. 14 App. Cas. 337, 58 L. J. Ch. N. S. 864, 61 L. T. N. S. 265, 12 Eng. Rul. Cas. 250, Lord Herschell said: "First, in order to sustain an action of deceit there must be a proof of fraud, and nothing short of that will suffice. Secondly, fraud is proved when it is shown that a false representation has been made (1) knowingly or (2) without belief in its truth or (3) recklessly, careless whether it be true or false."

In the United States there is a diversity of opinion as to liability for unintentional misrepresentation. In

many States, including New York, *Deery v. Peek* has not been followed. But in New York and the other States where liability for unintentional misrepresentation has been broadly affirmed, there must be such a relationship that one party has a right to rely for information upon the other, who owes a duty to give it with care. *Glanzer v. Shepard,* 233 N. Y. 236, 135 N. E. 275, 23 A. L. R. 1425.

The Maryland Court of Appeals, following the decision in *Derry v. Peek,* has held that a false statement of fact made by a person honestly with a belief in its truth, and relied upon by the person to whom it is made, does not constitute such fraud as will support an action for deceit. *Donnelly v. Baltimore Trust & Guarantee Co.,* 102 Md. 1, 61 A. 301; *Holt v. Kolker,* 189, Md. 636, 639, 57 A. 2d 287. It has been held, however, that an action will lie for personal injury resulting from reliance upon statements which negligently volunteer an erroneous opinion made with intention that it be acted upon and with knowledge that injury would likely result if acted upon. *Virginia Dare Stores v. Schuman,* 175 Md. 287, 1 A. 2d 897.

We hold that a purchaser of land has a right to rely upon representations made to him by the vendor as to its location when the facts concerning which the representations are made are unknown to the purchaser; and the vendor can be held liable for damages if he makes a false representation as to its boundaries with knowledge of its falsity or with reckless disregard for its truth or falsity, and the purchaser relies upon it. *Davis v. Nuzum,* 72 Wis. 439, 40 N. W. 497, 1 L. R. A. 774; *Hoock v. Bowman,* 42 Neb. 80, 60 N. W. 389; *Lawson v. Vernon,* 38 Wash. 422, 80 P. 559; *McFerran v. Taylor and Massie,* 3 Cranch 270, 2 L. Ed. 436, 440.

We concede, of course, that if the vendor does not pretend to point out any boundary line specifically but merely expresses an opinion, or estimates the distance from a known point to an unknown point, the purchaser cannot rely upon such a representation as a fact but

must ascertain the boundary lines for himself. *Arnold v. Campbell*, 265 Ky. 485, 97 S. W. 2d 32; *Gunther v. Ullrich*, 82 Wis. 222, 52 N. W. 88; *Davis v. Central Land Co.*, 162 Iowa 269, 143 N. W. 1073, 49 L. R. A., N. S., 1219; *Odell v. Story*, 81 Neb. 437, 116 N. W. 269. Likewise, where the means of knowledge are at hand, and the purchaser undertakes to make an examination ·of the land records, he cannot say that he was deceived and injured by misrepresentations of the vendor. ·*Shappirio v. Goldberg*, 192 U. S. 232, 24 S. Ct. 259, 261, 48 L. Ed. 419.

But where the boundaries of ·land are unmarked and the vendor undertakes to point out the boundaries to the purchaser, he is under an obligation to point them out correctly; and the purchaser has a right to rely upon such a representation, without being required to make an examination of the land records or to employ a sur-veyor to make a plat of the land, and he can hold the vendor liable for any fraudulent misrepresentation. *Gustafson v. Rustemeyer*, 70 Conn. 125, 39 A. 104, 39 L. R. A. 644; *Rohrof v. Schulte*, 154 Ind. 183, 55 N. E. 427; *Ballard v. Lyons*, 114 Minn. 264, 131 N. W. 320, 38 L. R. A., N. S., 301; *McGibbons v. Wilder*, 78 Iowa 531, 43 N. W. 520; *McGhee v. Bell*, 170 Mo. 121, 70 S. W. 493, 59 L. R. A. 761; *Lanning v. Sprague*, 71 Idaho 38, 227 P. 2d 347, 350.

The declaration in this case alleges that Jenkins pointed out to Piper one of the boundary lines of the lot and falsely represented that the improvements are entirely within the boundaries of the lot. The declaration further alleges that the representation was a material misrepresentation made with knowledge of its falsity or with reckless disregard for its truth or falsity. It is therefore beyond question that the declaration states a good cause of action.

We next consider whether the suit was barred by limitations. The Maryland Statute of Limitations requires that all actions on the case for fraud shall be commenced

"within three years from the time the cause of action accrued." Code 1951, art. 57, sec. 1.

Plaintiffs alleged in their declaration that they entered into the contract to purchase the lot in October, 1947, and made settlement in November, 1947; but that it was not until February, 1952, that they discovered for the first time that the improvements erected on the lot are not entirely within the boundaries of the lot. The suit was instituted on February 18, 1954.

It is universally accepted that where relief is sought in equity on the ground of fraud, and the ignorance of the fraud was produced by affirmative acts of the defandant in concealing the facts from the plaintiff, the Statute of Limitations will not bar relief if the suit is brought within the proper time after discovery of the fraud. The rule has also been held by the weight of authority that in a suit in equity where the party injured by fraud remains in ignorance of it without any fault or want of diligence on his part, the bar of the Statute of Limitations does not begin to run until the fraud is discovered, even though there are no efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party. *Stearns v. Page,* 7 How. 819, 12 L. Ed. 928.

At an early day there appeared a conflict in the decisions as to whether this equitable doctrine is applicable to cases in the courts of common law. The Supreme Judicial Court of Massachusetts held the doctrine to be applicable in actions at law. *First Massachusetts Turnpike Corporation v. Field,* 3 Mass. 201, 206, 3 Am. Dec. 124. On the contrary, it was held in New York that there is a distinction between the plea of limitations in a court of equity and the plea in a court of law, and that the Statute of Limitations prohibits the bringing of actions after the period limited therein.

In *Troup v. Smith's Ex'rs,* 20 Johns., N. Y., 33, 45, 46, Chief Justice Spencer, speaking for the Supreme Court of the State of New York, explained the distinction as follows:

"The fact, that the plaintiff did not discover the imposition practiced upon him, is entirely distinct from the existence of such fraud and imposition. * * * But it is asserted, that fraud committed under such circumstances as to conceal the knowledge of a fact, and thus preventing a plaintiff from asserting his rights within the limited period, may be replied, and is an answer to a plea of the Statute of Limitations, if the action or suit be brought within six years after the discovery of the fraud. The only case in support of this position, in a court of common law, in the English courts, is that of *Bree v. Holbeck,* (Doug., 654.) * * *

"We cannot, however, yield the convictions of our own minds to decisions evidently borrowed from the courts of equity, and which never have been sanctioned in the courts of law in that country from which our jurisprudence is derived. It has been already observed, that the dictum of Lord Mansfield, in *Bree v. Holbeck,* is the only instance in which such a position was ever advanced in Westminster Hall; and when it is further considered, that his Lordship had an inclination to intrench on courts of equity, that mere dictum cannot be regarded as authority."

In Maryland it was held prior to 1868 that fraud, as a means of preventing the operation of the Statute of Limitations, could be relied upon in a court of equity, but could not be relied upon in a replication to the plea of the Statute of Limitations in a court of law. *Franklin v. Waters,* 8 Gill, Md., 322, 331.

In 1868 the Legislature of Maryland inserted the following section in the Statute of Limitations: "In all actions where a party has a cause of action of which he has been kept in ignorance by the fraud of the adverse party, the right to bring suit shall be deemed to have first accrued at the time at which such fraud shall or

with usual or ordinary diligence might have been known or discovered." Laws 1868, ch. 357, Code 1951, art. 57, sec. 14.

The Act of 1868 was a remedial statute passed by the Legislature for the purpose of enabling the plaintiff in an action at law to set up the fraud of the defendant in order to avoid a plea of limitations. In *Wear v. Skinner*, 46 Md. 257, 267, the Court of Appeals stated that where a party has been injured by the fraud of another, and such fraud is concealed, or is of such character as to conceal itself, whereby the injured party remains in ignorance of it without any fault or want of diligence on his part, the bar of the Statute of Limitations does not begin to run until the fraud is discovered, although there are no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party. In support of that decision Judge Robinson said:

"The principle upon which it has been held that cases of this kind are not within the Statute of Limitations, is that it would not only be subversive of good morals, but contrary to the plainest principles of justice, to permit one practising a fraud and then concealing it, to plead the statute, when, in fact, the injured party did not know, and could not with reasonable diligence have discovered the fraud. And to require the plaintiff in all cases to prove a distinct and independent fraud in addition to the original fraud, whereby a party is injured, and that the subsequent concealment of the fraud is insufficient, would in a great measure defeat what we understand the Legislature meant. For if the narrow construction contended for be correct, and a party succeeds in getting the property of another, through fraudulent representations, and concealed the fraud until limitations operates as a bar to the action, the injured party would be without remedy,

although he did not know of the fraud and could not by reasonable diligence have discovered it. We cannot suppose the Legislature intended thus to restrict the operation of a remedial statute, nor do we think the terms of it require such a construction."

It is thus entirely true that Section 14 of our Statute of Limitations does not require that the defendant must commit a fraud distinct from the original fraud for the purpose of keeping the plaintiff in ignorance of his cause of action. But it is also true that this section, by its own terms, is made to apply only in those cases where two conditions are shown to exist: (1) where a party has been kept in ignorance of his cause of action by the fraud of the adverse party, and (2) where he himself has exercised usual or ordinary diligence for the discovery and protection of his rights. Hence, as Judge Groner stated in *Insurance Co. of North America v. Parr*, 4 Cir., 44 F. 2d 573, 576, this section "enjoins upon a party invoking its terms a showing of diligence, and if in the exercise of diligence, the fraud of the adverse party might have been discovered, the failure to exercise it is fatal to the right after the period of limitations has run."

In equity it is an established rule that a party who seeks to avoid the consequences of an apparently unreasonable delay in the assertion of his rights on the ground of ignorance must definitely allege and prove not only the fact of ignorance, but also the time when the fraud, misrepresentation or concealment was discovered; why he was ignorant of his rights so long; and how he discovered the fraud, misrepresentation or concealment. The purpose of the rule is to enable the court to determine whether the complainant might have made the discovery sooner if he had exercised reasonable diligence. *Hardt v. Heidweyer*, 152 U. S. 547, 559, 14 S. Ct. 671, 38 L. Ed. 548; *A. W. Feeser, Inc. v. American Can Co.*, D. C., 2 F. Supp. 561.

Likewise, a plaintiff in an action at law who invokes Section 14, by alleging that his cause of action did accrue within three years prior to the institution of suit, because he was kept in ignorance of his rights by the fraud of the defendant, must specifically allege and prove when and how his knowledge of the fraud was obtained, so that the court will be enabled to determine whether he exercised reasonable diligence to ascertain the facts. *Cumberland Glass Mfg. Co. v. De Witt,* 120 Md. 381, 87 A. 927, affirmed 237 U. S. 447, 35 S. Ct. 636, 59 L. Ed. 1042; *Schuck v. Bramble,* 122 Md. 411, 89 A. 719; *Consolidated Public Utilities Co. of Westminster v. Baile,* 152 Md. 371, 136 A. 825.

In the instant case the replication filed by plaintiffs to the plea of limitations alleged merely (1) that defendants fraudulently represented the boundaries of the lot and kept plaintiffs in ignorance of the cause of action by failing, both in the initial representation and at any subsequent time, to reveal the true locations of the lines; and (2) that the facts did not come to the knowledge of plaintiffs until the month of February, 1952, although they used usual and ordinary diligence to discover the same.

As we have pointed out, Section 14 requires a plaintiff to show affirmative that he was kept in ignorance of his right of action by the fraud of the adverse party. The replication in this case does not specifically allege how defendants kept plaintiffs in ignorance of their right of action. But the chief defect of the replication is that it does not specifically allege how plaintiffs made the discovery of the fraud, and why they did not make the discovery sooner than they did. The replication is entirely lacking in any specific averment as to what diligence plaintiffs exercised to discover the fraud. We accordingly conclude that the allegations of the replication are not specific enough to satisfy Section 14.

As the replication was demurrable, the judgment must be affirmed. We are of the opinion, however, that plaintiffs should have an opportunity to amend the replica-

tion by supplying the deficiencies, if possible. We will, therefore, affirm the judgment and remand the case to the Court below with leave to plaintiffs to amend the replication within such time as the Court may fix. *Burkhouse v. Duke,* 190 Md. 44, 47, 57 A. 2d 333.

> *Judgment affirmed and case remanded, with costs.*