## THE MAYOR AND COUNCIL OF HAGERSTOWN *vs.* D. WEBSTER GROH.

*Eminent Domain—Right of Mortgagee of Condemned Land to the Damages Awarded—Bill in Equity to Enforce the Right—Parties.*

The mortgagee of land condemned by the municipal authorities of Hagerstown for use as a street, is the owner of a right or interest in the land, under sec. 184 of the Charter of Hagerstown, which provides for the ascertainment of the damages which will be caused by a condemnation to the owner or occupant of any right or interest in the ground or improvements condemned. And such mortgagee is entitled to compensation out of the damages awarded for the land, to the extent of the value of his interest, before the municipality takes possession.

When in a condemnation proceeding by a municipality of mortgaged land the damages are awarded to the mortgagor alone the mortgagee is entitled to file a bill in equity to require the payment to him out of the damages awarded of the balance due on the mortgage. But the mortgagor must be made a party to the proceedings, since the extent of the right of the mortgagee to the fund depends upon the state of the accounts between him and the mortgagor.

When the land subject to a mortgage has been converted into money the lien of the mortgage is transferred to the fund.

Appeal from the Circuit Court for Washington County (HENDERSON, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Alex. Armstrong, Jr.,* for the appellant.

*J. Clarence Lane* and *Henry H. Keedy, Jr.,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Washington County overruling the demurrer of the appellant, the Mayor and Council of Hagerstown, to a bill filed against, it by the appellee. The object of the bill was to procure the payment of a balance due on a mortgage held by the appellee, out of the damages awarded for the mortgaged land in the course of its condemnation by the appellant as a public street.

The mortgage did not contain the usual provision that the mortgagor might remain in possession of the mortgaged premises until default. The mortgagee had therefore not only the legal title to the mortgaged property but also the right to demand possession of it from the mortgagor at any time. He had however not demanded possession and the mortgagor was in actual possession of the property at the time of the condemnation and the damages for taking it were awarded to him in that proceeding. The appellant after the condemnation entered upon the mortgaged land and destroyed the improvements thereon and converted it into a street. The appellee thereupon filed the present bill against the appellant alone without making the mortgagor a party to the suit. The appellant demurred to the bill and the Court, by the order appealed from, overruled the demurrer.

No question arises, on this record, of the regularity of the condemnation or the adequacy of the award of damages, for the appellee has acquiesced therein by filing his bill and asserting his title to the awarded damages to the extent of his mortgage claim. The case calls for the determination by us of only two issues. The first is whether a mortgagee is included in the persons who are required by law to be justly compensated for their interest in the land taken under condemnation proceedings, and the second is whether the appel-

lant, if entitled to compensation, can recover it in this proceeding.

An examination of the authorities cited upon the briefs of the respective counsel discloses a considerable divergence of view among the Courts of other jurisdictions as to the extent to which the interest of a mortgagee must be recognized and dealt with in proceedings for a condemnation of the mortgaged land, but we think that the principles applicable to that issue have been announced with sufficient clearness by this Court to leave no doubt as to the manner in which it should be determined in the present case. Sec. 184 of the Charter of Hagerstown under which the proceedings were conducted requires the Board of Street Commissioners in making the condemnation to "ascertain whether any and what amount of damages will be caused thereby for which the owner or occupant of *any right or interest claimed in any ground or improvements* ought to be compensated over and above the benefits which will thereby accrue to such owner or occupant." This language is clearly broad enough to include the interest of a mortgagee and his interest is as much entitled to the benefit and protection of the constitutional and statutory provisions, requiring the payment of just compensation for private property before it can be taken for public use, as the interest of a lessee, life tenant, remainderman or other owner of less than the entire estate in fee in land to be taken. In *Tidewater Canal Co. v. Archer*, in the Appendix to 9 G. & J. 480, it was held that the word "owner," as used in the Act of 1825, ch. 180, in describing the person to be compensated in condemnations made thereunder, included every one having any title to or interest capable of being injured by the taking of the land and that not only the life tenant, who was in possession of the property in that case, but also the reversioner was entitled to share in the damages awarded, to the extent of his interest, by application to a Court of Chancery for a proper distribution of the fund. In *B. & O. R. R.* v. *Thompson*, 10 Md. 87–8, this Court cited and approved the case of the *Tidewater Canal Co.* v. *Archer,* and held the term "owner" as used in

the condemnation act there under consideration to include a lessee as well as the landlord of the condemned premises. The same thing was held in the subsequent cases of *Baltimore* v. *Rice*, 73 Md. 307; *P. & C. R. R. Co.* v. *Speelman*, 67 Md. 277, and *Gluck* v. *Baltimore*, 81 Md. 315. In the case last cited this Court said: "The owner of the leasehold and the owner of the reversion together hold the fee-simple estate. Each has a distinct estate or property. 'The interest of the termor in the eye of the law is just as potential as that of the owner of the fee although in fact it may not practically be so valuable.' *B. & O. R. R.* v. *Thompson*, 10 Md. 87. These several interests are both protected by Art. 3, sec. 40 of the State Constitution from appropriation for public use unless just compensation as agreed upon between the parties or as awarded by a jury be first paid or tendered to the party entitled to such compensation. Whatever be the method of ascertaining the values of these distinct interests it is evident that the sum of those values must be the full value of the property taken."

These principles so clearly and repeatedly announced by this Court apply with equal force to the interest of the mortgagee. A condemnation is a proceeding at law and at law the mortgagee is the owner of the property even if equity does for certain purposes treat him as merely having a lien on the land. In our opinion the appellee was an owner of a "right or interest," in the condemned land, within the meaning of the charter under which the proceedings were conducted and was entitled to be compensated out of the damages awarded for the land to the extent of the value of his interest before the appellant took possession of the land.

There remains for consideration the question whether he has selected an appropriate remedy for the assertion of his claim. To this question we think the proper answer is found in the expression applied in the opinion in the case of the *Tidewater Canal Co.* v. *Archer*, *supra*, to the right of the remainderman to participate in the damages awarded for the comdemnation of land in the possession of the life tenant, he may "avail himself

of all benefit of the damages awarded, to the extent of his interest, by application to a Court of equity for a proper distribution of that fund." The Tide Water Canal Co.'s case, not having been decided by this Court, is not binding upon us as a precedent but we agree with the position taken by the Court in that case as to the right of a reversioner who was willing to affirm the award made under the condemnation to file a bill in equity for a proper distribution of the awarded damages and we regard the language just quoted therefrom as correctly expressing the rights of the present appellee in respect to the point now under consideration. This view is in accord with the familiar doctrine recognized by the decisions of this and other Courts that when land subject to a mortgage has been converted by a competent proceeding into money the rights of the mortgagee are not changed by the conversion but his lien is transferred to the fund which in equity is treated as the land. *Brown* v. *Stewart*, 1 Md. Chy. 87-94; *Stockett* v. *Taylor*, 3 Md. Chy. 537–542; *Astor* v. *Miller*, 2 Paige, 80; *Markey* v. *Langly*, 92 U. S. 152.

The appellee was therefore entitled to file his bill in equity for the assertion of his claim upon the proceeds of the condemnation of the mortgaged land, but as the distribution of the fund involved passing also upon the claims of the mortgagor to that fund he should have been made a party to the bill. This is especially true of a bill filed by a mortgagee in such a case the extent of whose claim depends upon the state of accounts between him and the mortgagor in respect to the mortgage debts. If he had filed an ordinary bill in equity for the sale or foreclosure of the mortgaged land he would have been compelled to make the mortgagor a party to it to give to the latter an opportunity to answer and defend the suit and for the same reason he should be required to make the mortgagor a party to the suit when he files his bill to enforce his claim against the converted proceeds of the land.

The demurrer should have been sustained for the failure of the appellee to make the mortgagor a party to the suit and for that reason the decree appealed from must be reversed,

and the case remanded in order to allow the appellee an opportunity, upon a proper application to the Circuit Court for that purpose, to amend his bill as herein indicated.

*Order reversed with costs and case remanded.*

(Decided June 22nd, 1905.)