LAMBERT ET AL. *v.* SMITH ET UX.

[No. 362, September Term, 1963.]

*Decided June 12, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Roy W. Hooten,* with whom were *Bill L. Yoho, Robert S. Hoyert* and *Hoyert & Yoho* on the brief, for appellants.

*Richard H. Love* for appellees.

KEATING, J., by special assignment, delivered the opinion of the Court.

Appellants, purchasers of certain land from appellees, sought to recover from the latter part of the purchase price of the land, contending that, although the sales contract recited a lump sum price it was based upon a square foot valuation and they were induced to sign it by representation of the sellers' agent that the area was greater than the appellants later found it to be. The action was laid in deceit because of the agent's alleged misrepresentation. At the end of appellants' (plaintiffs') case the trial court directed a verdict for the defendants, appellees.

The essential facts are that the appellees employed an agent to find for them a tenant or lessee for their lot of land in College Park and the agent thereupon erected on the land a large sign "LEASE * 27,300 Sq.Ft." with the agent's name appended. Appellants, seeing the sign, inquired of the agent the possibility of purchasing, and the latter ascertained from his principals that they would sell for $30,000. With the agent acting as intermediary and the sellers and buyers not meeting, a series of offers and counter-offers were made, the agent finally suggesting that as the lot actually contained 27,355 square feet a fair price would be $27,300, which was approximately one dollar per square foot. This sum was acceptable to sellers and buyers and the contract was prepared and signed. No mention was made therein of a square foot formula and, in addition, it contained the not unusual provision that "it contains the final and entire agreement of the parties hereto and they shall not be bound by any terms, conditions, statements or representations, oral or written not herein contained."

The plaintiffs' testimony further showed that earlier, when the sellers engaged the agent to lease the property for them, before he advertised it, he procured a general contractor and cabinet maker, who was well known to him and had performed such services before, to calculate the area of the lot from a plat made some years before by an engineering firm, introduced in evidence, but not explained by any testimony, as plaintiffs' ex-

hibit B. The plat shows a lot with four sides, all of unequal lengths and with different compass bearings, with the location of various buildings thereon and a triangular portion on the west side apparently taken or proposed to be taken for a highway right-of-way. It is dated July 1, 1958. The contractor-cabinet maker calculated the area to be 27,355 square feet and Rosewag, the sellers' agent, relying on the accuracy of the calculation, thereafter advertised it as 27,300 square feet (omitting the odd 55 square feet).

The appellants rest their right to recovery on the principle that where fraud or deceit are alleged in the procurement of a written contract of sale, the circumstances leading up to and forming a basis for the contract may be inquired into (*Gross v. Stone,* 173 Md. 653, and *Rinaudo v. Bloom,* 209 Md. 1); and, further, that in order to recover in such action, the plaintiff must show five things, viz: (1) that the representation is false; (2) that its falsity was either known to the speaker or the misrepresentation was made with such a reckless indifference to the truth as to be equivalent to actual knowledge; (3) that it was made for the purpose of defrauding the person claimed to be injured thereby; (4) that such person not only relied on the misrepresentation but had a right to rely on it and would not have acted but for it; and (5) that he actually suffered damage as a result of it. *Gittings v. Von Dorn,* 136 Md. 10. Also see *Sommers v. Dukes,* 208 Md. 386; *Piper v. Jenkins,* 207 Md. 308; and *Schmidt v. Millhauser,* 212 Md. 585.

We hold that the court properly granted the defendants' motion for a directed verdict for two reasons. First, because an examination of the testimony conclusively shows that the appellants failed to prove the falsity of the statement as to area. They claimed damages based upon a difference in square footage of 2239 square feet at one dollar per square foot alleging that the lot was represented to contain 27,355 square feet, whereas it actually contained only 25,116 square feet. There was no legally sufficient proof of its actual size offered. There was admitted in evidence, pursuant to a request for admission of facts and genuineness of documents. a certain plat marked exhibit A. The admission reads "That Exhibit A attached is a true and correct copy of the survey made by Greenhorne &

O'Mara, Civil Engineers and Land Surveyors, 13 April 1961, and that if a representative of Greenhorne and O'Mara appeared as a witness he would testify to this fact." The plat itself is not otherwise identified or explained nor is there any certificate of the surveyor appended thereto. It does have, in the middle of the plat, the following: "25,116 square feet, 0.5766 Acres." If the scale noted thereon is applied to certain of the lines shown thereon, the resultant calculation quickly shows the indicated length of said line to be vastly erroneous. This plat, standing alone and unexplained would not, in our opinion, be sufficient proof upon which a trier of facts could conclude that the actual area of the land in question, at the time of sale, was 25,116 square feet.

But the second reason is more cogent. Appellants contend that the misrepresentation made to them by the appellees' agent, as to area, was made with such a reckless indifference to the truth as to be equivalent to actual knowledge of its falsity. The only evidence adduced showed unequivocally that the agent thoroughly relied upon the contractor's calculation and believed it to be accurate. Even if we assume that the agent was negligent in his selection of an area computer in the person of a contractor rather than an engineer, or in relying on such computation, if he actually believed the computation to be correct, he was not making the representation to the appellants "with a reckless disregard for the truth." As was said in *Boulden v. Stilwell,* 100 Md. 543: "The foundation of the action is actual fraud, and nothing short of this will suffice. Consequently, a misrepresentation believed by the speaker to be true, though induced by his ignorance or negligence, will not sustain an action for deceit." See also *Piper v. Jenkins, supra,* and *Brashears v. Collison,* 207 Md. 339. It was not even a misrepresentation of a latent defect. The lot, with its outlines, was there for all to see. It could as easily have been measured and its area computed by the appellants or their agents as by the sellers or their agents. The appellants failed to show any one of the five necessary elements to sustain the action.

> *The judgment of the court below is affirmed; appellants to pay the costs.*