SMITH ET UX. *v.* STATE ROADS COMMISSION
OF MARYLAND ET AL.

[No. 451, September Term, 1970.]

*Decided June 3, 1971.*

*Motion for rehearing filed July 6, 1971; denied September 13, 1971.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Charles Duvall Smith,* with whom were *Cary M. Euwer* and *Taylor & Smith* on the brief, for appellants.

*Joseph J. Bonner, Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Joseph D. Buscher, Special Assistant Attorney General,* on the brief, for State Roads Commission of Maryland, part of appellees. *Bernard F. von Ahn,* with whom were *John B. Kenkel* and *Paul T. Sisson* on the brief, for Washington Suburban Sanitary Commission, other appellee.

SMITH, J., delivered the opinion of the Court.

In this case the parties are able to agree that there is a front-foot benefit charge in the amount of $2,364.11 due appellee Washington Suburban Sanitary Commission (Sanitary Commission). The dispute is between appellants, Alfred H. Smith *et ux.* (Smith), who believe it should not be deducted from a jury's condemnation award, and appellee State Roads Commission of Maryland, which does not wish to be in the position of paying twice, once in the jury's award and a second time directly to the Sanitary Commission.

We shall affirm the order of the circuit court judge who held the sum deductible from the jury's award. Deciding the case as we do on its merits, we shall overrule the motion of the State Roads Commission to dismiss the appeal.

Under the "quick take" provisions of Code (1957) Art. 89B the State Roads Commission on April 5, 1968, filed a petition naming as parties defendant only Mr. and Mrs. Smith. Deposit of $149,180.00 was made in the circuit court. Pursuant to the provisions of § 14 of Article 89B the property owners were permitted to withdraw the sum paid into court. Thereafter a condemnation petition was filed by the State Roads Commission naming as defendants Mr. and Mrs. Smith, the County Commissioners for Prince George's County, and the Sanitary Commission. The State Roads Commission sought a fee simple title.

The Sanitary Commission filed an answer stating, in part, that it had levied front-foot benefit charges against the property described in the proceeding, that there was then due a balance of $2,364.11 "being that portion of the front-foot benefit charges levied", and that "under the provisions of Chapter 120, Acts of 1956", a separate award should be made to it in that amount.

The inquisition in its preamble clearly represented the Sanitary Commission as one of the defendants. It stated in pertinent part:

"It is necessary for the Plaintiffs to acquire the said property and that the damages to be sustained by the defendants to this cause for their fee simple interest and estate in and to the parcel of land hereinbefore particularly described, and the property, rights and easements, as set forth in the Petition is the sum of $225,000.00." (emphasis added)

No separate award to the Sanitary Commission was made. An order was passed for the payment to it of the sum of $2,364.11 prior to the deposit by the State Roads Commission of the difference between its original deposit and the award returned by the inquisition plus interest. When payment was made to Smith there was deducted from this additional deposit the $2,364.11 claimed by the Sanitary Commission, although no remittance was made to it. Smith moved to set aside the order directing payment to the Sanitary Commission, thus provoking this controversy.

Smith fashions his argument that the Sanitary Commission is not entitled to payment of the front-foot benefit charges out of the jury's award by pointing to § 225 of Art. 89B which provides that when the State Roads Commission acquires property "subject to front-foot or other assessments levied by a special tax district, the principal unpaid remaining sum of said assessment * * * shall become due and payable to the said special tax district, and said sum shall become a lien against said property." Smith argues that the assessment coming due

under this section is a prospective tax that would not be due except for the fact that the property is being acquired by eminent domain proceedings. He points out that § 225 further provides in pertinent part:

"If the property is acquired through eminent domain, it shall be proper for the jury to consider the amount of any unpaid front-foot or other assessment in arriving at the amount of damages and the jury shall make a separate award in favor of a special tax district for any such assessment if such district is a party to the eminent domain proceeding and a separate award to the property owner for the value of such property excluding any such assessment; in such cases the property owner shall receive the full amount provided in the inquisition for such property value, and the amount due for the said unpaid front-foot or other assessment, if any, shall be paid by the State Roads Commission to the special tax district."

Smith thinks he finds further support from Code (1971 Repl. Vol.) Art. 33A, § 10 (e), as enacted by Chapter 52 of the Acts of 1963, which in dealing with payment and adjustment of taxes provides that taxes "shall include all annual benefit charges assessed by the Washington Suburban Sanitary Commission or other special taxing district which are collected as taxes and they shall be apportioned over the entire period of the assessment and paid as above set forth for other taxes."

In *Manor Real Estate v. Zamoiski Co.*, 251 Md. 120, 246 A. 2d 240 (1968), a case not cited by any of the three parties, we held the benefit charge of Washington Suburban Sanitary Commission to be "an encumbrance upon property served by its facilities". We did not decide whether it was a lien, stating:

"We see no more reason here than we did in *Morris v. Ehlers*, [211 Md. 23, 124 A. 2d 776 (1956)], to decide whether the * * * benefit

charge is a lien because, in our judgment, it is an encumbrance even if it is not a lien. It has been said that the mere fact that property becomes liable for the payment of a benefit charge for municipal improvements may constitute an encumbrance even before the amount thereof has been ascertained. 4 H. Tiffany, *The Law of Real Property* § 1003, n. 3 at 135 (3d ed. 1939). It has been said also that present liability to an eventual lien may be sufficient to establish an encumbrance. 20 Am.Jur.2d, *Covenants* § 87 (1965)." *Id.* at 129-30.

The Sanitary Commission as a party to a condemnation proceeding is just as much entitled to compensation for its encumbrance as a utility with an easement across the condemned property which might be named as a party to the same proceeding. The argument of Smith that because the inquisition refers to a fee simple interest Smith is entitled to the whole compensation ignores the fact that the inquisition then goes on to mention "the property, rights and easements, as set forth in the Petition". It is recognized that courts have the right to decide conflicting claims to the proceeds of condemnation. Instances in Maryland of such decisions include *Harmon v. State Roads Comm.*, 242 Md. 24, 217 A. 2d 513 (1966) ; *Hagerstown v. Groh,* 101 Md. 560, 61 A. 467 (1905) ; and *Gardiner v. Baltimore City,* 96 Md. 361, 54 A. 85 (1903).

The inquisition by its terms was applicable to all of the defendants. It was intended to cover the damages sustained by all, including the Sanitary Commission's encumbrance. If Smith were not satisfied with the form of the inquisition, his objection should have been made before it was submitted to the jury. His present contention that the Sanitary Commission is not entitled to recover the sum due it out of the jury's award is without merit.

*Order affirmed; appellants to pay the costs.*