WILLIAM V. JAMES, JR. ET AL. *v.*
J. ELMER WEISHEIT, JR.

[No. 36, September Term, 1976.]

*Decided January 5, 1977.*

42

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Ferdinand J. Mack,* with whom were *Shadoan & Mack* on the brief, for appellants.

*David Freishtat,* with whom were *Freishtat & Schwartz* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

On May 28, 1974, petitioner William V. James, Jr.,[1] filed a declaration in deceit in the Circuit Court for Howard County against J. Elmer Weisheit, Jr., alleging that Weisheit had defrauded him while acting as his attorney in consummating the sale of the petitioner's real estate. Weisheit included among his defenses a special plea asserting that the statute of limitations barred this action. Judge Jacob S. Levin

---

1. Both in the trial court and in the present proceedings, James was joined by seven other persons, but in this opinion we will refer to James as though he were the sole plaintiff-petitioner.

agreed that recovery was prohibited for this reason, and by order signed on February 23, 1976, granted the respondent's motion for summary judgment. James noted an appeal to the Court of Special Appeals, but we granted certiorari before that court considered the case. We likewise conclude that limitations constitute a bar to James' recovery and consequently will affirm the judgment of the trial court.

The relevant facts, drawn from the unproven allegations set out in the declaration and assumed true by the parties for purposes of the summary judgment motion, are not complicated. The petitioner, owner of three parcels of real property in Prince George's County, contracted to sell those parcels in return for cash, payment of his prior loans secured by the property, and a deferred purchase money mortgage of a few dollars less than $48,500, payable within three years. James was led to believe by the respondent that this mortgage was to be junior to a $90,000 purchase money mortgage from the purchaser to Merchants Mortgage Company. The two mortgages were to create liens on the same properties — the three parcels sold by the petitioner as well as a fourth parcel already owned by the purchaser. Settlement of the sale took place on August 26, 1965, but contrary to what he had told James, Weisheit permitted to be executed and recorded a $250,000 (rather than a $90,000) mortgage ahead of the petitioner's second mortgage.[2] Although James discovered this discrepancy in 1965, shortly after these recordations, it was not until 1972 that he took legal action to redress this claimed wrong. In that year he instituted suit against Merchants, seeking a declaration that his mortgage was senior to the $250,000 mortgage, except to the extent of $90,000. However, the validity of Merchants' $250,000 mortgage was judicially established on June 6, 1972, and in July of that year, the property was sold for $225,000 at a foreclosure sale under that instrument, thus wiping out the petitioner's equity in the property. In this

---

2. The debt secured by the $250,000 mortgage was to be repaid at the expiration of 18 months, with the mortgagee having the option to forbear instituting foreclosure proceedings upon payment of monthly interest payments at the rate of 16% per annum.

deceit action filed almost two years later, James claims from his former attorney the face amount of his second mortgage with six percent interest from August 26, 1965, legal fees and costs incurred in connection with his unsuccessful suit against Merchants, and punitive damages.

A determination of when James' action accrued is central to the disposition of this case. It is clear that the test to be utilized in fixing the accrual date of a cause of action "is to ascertain the time when plaintiff could have first maintained his action to a successful result. The fact that he might have brought a premature or groundless action is immaterial." *W., B. & A. Elec. R.R. Co. v. Moss,* 130 Md. 198, 205, 100 A. 86, 89 (1917). Thus, this cause of action would accrue when the plaintiff could have proved all five of the essential elements of deceit: (1) that a representation made by the respondent was false; (2) that its falsity was known to him; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff not only relied upon the misrepresentation, but had the right to do so and would not have done the thing from which the damage resulted if it had not been made; and (5) that the plaintiff suffered damage (meaning an injury subject to being redressed by compensatory damages) directly resulting from the respondent's misrepresentation.[3] *Wedeman v. City Chevrolet Co.,* 278 Md. 524, 532 n. 5, 366 A. 2d 7, 12 (1976), and cases cited therein.

In the present posture of this case, the parties do not dispute the existence of the first four elements as of the time in 1965 when the petitioner learned of his attorney's deceptive actions. James contends, however, that despite this knowledge, his cause of action did not accrue "until the conclusion of the action [against Merchants] in 1972 or the

---

**3.** Although merely assumed to be true in Mattingly v. Hopkins, 254 Md. 88, 96, 253 A. 2d 904, 908 (1969), we here determine, in line with the implicit holdings of cases both before and after *Mattingly,* that in addition to the other necessary elements in either an action in negligence or deceit, damage must exist before the action accrues so as to trigger the running of the statute of limitations. *See, e.g.,* Bramble v. Thompson, 264 Md. 518, 520-21, 287 A. 2d 265, 267 (1972) (negligence); Peroti v. Williams, 258 Md. 663, 669, 267 A. 2d 114, 118 (1970) (negligence); Suburban Mgmt. v. Johnson, 236 Md. 455, 460, 204 A. 2d 326, 329 (1964) (deceit); Lambert v. Smith, 235 Md. 284, 287, 201 A. 2d 491, 493 (1964) (deceit).

foreclosure sale that year," inasmuch as prior to that time he could not have established the fifth element — that he suffered damage. We do not agree. Because we conclude that the petitioner sustained a compensable injury when the $250,000, instead of a $90,000, mortgage was recorded ahead of his second mortgage, it is clear that the three-year statute of limitations applicable to this case, Md. Code (1974), Cts. & Jud. Proc. Art. § 5-101, began to run at the time in 1965 when the petitioner first had knowledge that his attorney had deceived him. *See Desser v. Woods*, 266 Md. 696, 709, 296 A. 2d 586, 593 (1972).[4]

It is hornbook law that a mortgage is a chose in action, *Cumb. Coal & Iron Co. v. Parish*, 42 Md. 598, 614 (1875); *Washington Fire Ins. Co. v. Kelly*, 32 Md. 421, 439, 3 Am. R. 149 (1870); *Timms v. Shannon*, 19 Md. 296, 314, 81 Am. Dec. 632 (1862), that it is assignable, *see, e.g., Bldg. & Loan Assn. v. Safe Dep. & Tr. Co.*, 166 Md. 348, 354, 171 A. 43, 45 (1934); *National Bank v. Schlosser*, 152 Md. 609, 613, 137 A. 351, 353 (1927); Md. Code (1974), Real Prop. Art. § 7-103, and that its value is ascertainable. *See Hagerstown v. Groh*, 101 Md. 560, 563, 61 A. 467, 468 (1905) (condemnation award apportioned to compensate mortgagee to the extent of his interest); 1 L. Orgel, *Valuation under Eminent Domain* § 115 (2d ed. 1953). Since the ownership of both first and second mortgages is transferable and these instruments have identifiable market

---

**4.** This Court has determined that deceit actions accrue when the wrong is discovered or when with due diligence it should have been discovered, *see* Citizens Bank v. Leffler, 228 Md. 262, 269, 179 A. 2d 686, 690 (1962); Sears v. Barker, 155 Md. 323, 330, 141 A. 908, 911 (1928); *cf.* Leonhart v. Atkinson, 265 Md. 219, 224, 289 A. 2d 1, 4 (1972) (applying this rule to professional malpractice cases), assuming, of course, that all elements of the cause of action exist at that time. *See* W., B. & A. Elec. R.R. Co. v. Moss, 130 Md. 198, 205, 100 A. 86, 89 (1917). And recently in an action for fraud against a defendant who had occupied a confidential relationship to the plaintiff, even though we indicated that "different standards are applied" in cases where a fiduciary relationship exists, Merchants Mortgage Co. v. Lubow, 275 Md. 208, 215, 339 A. 2d 664, 669 (1975), we did not intend to deviate from our prior cases, but meant only that the reasonable diligence required in such a context ordinarily would be different than that required in other situations. *See* Herring v. Offutt, 266 Md. 593, 600-01, 295 A. 2d 876, 880-81 (1972). We also note that where a party has been kept in ignorance of any cause of action through fraud of an adverse party (concededly not the case here), his right to bring suit accrues by statute at the time the fraud is discovered or by ordinary diligence should have been discovered. Md. Code (1974), Cts. & Jud. Proc. Art. § 5-203.

values, we perceive no reason why the petitioner did not suffer injury at the time the deceit was finally perpetrated with the recording of the "expanded" first mortgage, nor why James at any time after learning of the deception in 1965 could not through competent testimony have established in dollars and cents the extent of his loss. This amount, ascertainable with the aid of expert testimony if need be, would have been the difference between the value of James' second mortgage subject to the $250,000 mortgage and the value it would have had if it had been junior only to a $90,000 mortgage. *See generally Hinkle v. Rockville Motor Co.*, 262 Md. 502, 511-12, 278 A. 2d 42, 47 (1971) (collects and discusses most Maryland cases on measure of damages in deceit actions). Because such valuations would have taken into account the amount of the first mortgage, and particularly the amount of the second mortgage in relation to the first mortgage as well as to the value of the secured property, the value of James' second mortgage as a matter of law would have been less when subject to a $250,000 mortgage than it would have been subject to a $90,000 mortgage. In reaching this conclusion, we are not unaware of the general rule that whether a cause of action is barred by the statute of limitations is ordinarily a mixed question of law and fact that may be taken from the jury only when the court determines as a matter of law that the suit was not instituted within the proper time. *Herring v. Offutt*, 266 Md. 593, 599, 295 A. 2d 876, 880 (1972); *New England Ins. Co. v. Swain*, 100 Md. 558, 574, 60 A. 469, 472 (1905). In the present action, we conclude that no reasonable person could find that the value of James' second mortgage was not diminished under the circumstances of this case. Thus, all five of the elements necessary to maintain a cause of action for fraud existed some time in 1965; we have no alternative but to hold that this suit, filed in 1974, is time-barred.

*Judgment affirmed.*
*Costs to be paid by appellants.*