Jacob ROGINSKY, Plaintiff,

v.

Veronica V. BLAKE, et al., Defendants.

Civil Action No. AW–00–348.

United States District Court, D. Maryland.

Aug. 11, 2000.

---

Jacob Roginsky, Dahlgreen, VA, pro se.

William F. Olmsted, Edward W. Olmsted, Olmsted & Olmsted, La Plata, for Defendants Veronica V. Blake, William F. Olmsted, Olmsted & Olmsted.

Jeffry J. Hines, Richard Wayne Driscoll, Eccleston and Wolf, Washington, DC, for Defendant Mary Sue Greisman, Law Offices of Greisman & Carroll.

Phillip R. Zuber, Sasscer, Clagett & Bucher, Upper Marlboro, for Defendant Patricia N. Drummond, Law Offices of Drummond & O'Brian.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court are several dispositive motions: Defendants Patricia

Drummond and Drummond & O'Brian's Motion to Dismiss Amended Complaint, Defendants Greisman and Greisman & Carroll's Motion to Dismiss Amended Complaint, Defendants William F. Olmstead and Olmstead & Olmstead's Motion to Strike, and to Dismiss, and Defendant Veronica Blake's Motion to Strike, and to Dismiss. Plaintiff filed responses in opposition, the Drummond Defendants and the Greisman Defendants filed replies, and the motions are ripe for resolution. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). Upon careful review of the motions, for the reasons discussed below, the Court will dismiss Plaintiff's Amended Complaint and close this case.

## BACKGROUND

The Court set forth the facts of this case fully in its previous Memorandum Opinion addressing Plaintiff's original Complaint. Accordingly, a brief summary of the facts is included herein. The underlying factual scenario of this case concerns a dispute over the custody of Plaintiff's and Defendant Blake's son, Joshua. The Blakes separated in January 1996, and divorce proceedings were instituted in the Circuit Court for Charles County, Maryland. Ms. Blake was awarded custody of Joshua, along with child support, alimony, and marital property.

In February 2000, Plaintiff filed this action against several Defendants. According to Plaintiff, "[t]his is a proceeding to redress grievances under Federal Civil Rights Statutes and pendant common law jurisdiction against participants in state court litigation in which egregious violations of due process and equal protection of the law occurred." *Amended Complaint*, at ¶ 13. In his original Complaint, Plaintiff alleged violations of 42 U.S.C. § 1985 (Count I), 42 U.S.C. § 1983 (Count II), 42 U.S.C. § 1986 (Count III), intentional infliction of emotional distress (Count IV), abuse of process (Count V), negligence (Counts VI, VII, and VIII), breach of contract (Count VIII(A)), mis-

representation (Counts IX and XI), slander (Count X), and "prima facie case tort" (Count XII). The Court dismissed all claims, but granted Plaintiff leave to file an Amended Complaint to state claims under Counts I, II, III, VI, VII, and IX against all defendants which have filed the instant dispositive motions. The Amended Complaint contains essentially the same facts as those in the original Complaint, and Defendants seek to dismiss it. The amendment includes counts for (1) violations of Section 1983, (2) negligence, (3) fraud, and (4) civil conspiracy. The Court will discuss the pending motions below.

## DISCUSSION

### I. Standard for Motion to Dismiss

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining whether to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must view the well-pleaded material allegations in a light most favorable to the plaintiff, and accept the factual allegations in the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997), *citing Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217–18 (4th Cir.1994); *Chisolm v. Tran-South Finan. Corp.*, 95 F.3d 331, 334 (4th Cir.1996); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383 (4th Cir.1990).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), *citing Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal*

*Corp.,* 609 F.2d 1083, 1085–86 (4th Cir. 1979). As the Fourth Circuit has explained, the purpose of Rule 12(b)(6) is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint, and not the facts that support it. *See Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994); *United Mine Workers,* 609 F.2d at 1085 (4th Cir.1979). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed.1982)).

The Court does, however, take notice that Plaintiff is a *pro se* litigant, which at times can place district judges in a difficult predicament. "On the one hand, [pro se submissions] represent the work of an untutored hand requiring special judicial solicitude. On the other, they may present obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985). As such, the Court has read Plaintiff's opposition brief in as liberal a fashion as possible so as to not allow his inartful filing to defeat the vindication of any rights which Plaintiff alleges to have been infringed.

## II. Federal Claims Under Sections 1983 (Count I), **1985, and 1986**

Plaintiff concedes he is unable to state cognizable claims under Sections 1985 and 1986, and therefore withdraws those claims. Plaintiff, however, continues to pursue his claim under Section 1983. All defendants raise similar arguments in their dispositive motions. Accordingly, the following discussion applies to all section 1983 claims in the Amended Complaint. This Court instructed Plaintiff that in order to sustain a Section 1983 civil rights claim, his Amended Complaint must include adequate pleading of (1) a particular constitutional right violated and (2) the requisite state action by Defendants-including facts to support his claim of joint action between private Defendants and state actors which caused the violation. *See Memorandum Opinion,* May 31, 2000, at 7. Plaintiff's Amended Complaint fails in both respects.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

*See* 42 U.S.C.A. § 1983. To prevail under this statute, Plaintiff must show he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Austin v. Paramount Parks, Inc.,* 195 F.3d 715 (4th Cir.1999). As with the original Complaint, Plaintiff's Amended Complaint does not allege specific information about the manner in which Plaintiff was deprived of his constitutional rights. Plaintiff rather asks this Court to engage in rank speculation that the actions of the Defendants worsened his position in the context of the custody dispute. There is no factual basis for the proposition, for example, that Drummond's failure to seek Judge Nalley's recusal had a "negative impact on the outcome of the case." *Amended Complaint,* at ¶ 62. Furthermore, Plaintiff has been unable to plead sufficient facts to show that he was denied "due process of law." *Amended Complaint,* at ¶ 67. The Court is not aware of a constitutional right to a custody hearing on a particular date.

The postponement of a hearing, alone, cannot serve as the basis for a claim under Section 1983. Accordingly, Plaintiff's Amended Complaint fails to set forth a claim for the deprivation of a particular constitutional right.

The Court also finds that Plaintiff failed to plead the state action element of this claim. A finding of state action is "an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff." *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir.1980). *See also Sallie v. Tax Sale Investors, Inc.*, 998 F.Supp. 612, 621 (D.Md.1998) (private entity can only be liable under § 1983 for activity that constitutes state action). These rules of state action may bar this claim against all remaining Defendants as they are all private parties. As to Defendants Greisman, Olmstead, and Drummond, "private lawyers do not 'act under color of state law' merely by making use of the state's court system." *Fleming v.. Asbill*, 42 F.3d 886, 890 (4th Cir.1994) (citing *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980)). However, a private party who conspires with a judicial officer against the rights of a citizen acts under color of law within the meaning of § 1983. "[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting ... 'under color' of law for purposes of § 1983 actions." *Id.* at 27, 101 S.Ct. 183.

The Amended Complaint is bereft of sufficient facts to support Plaintiff's proposition that the Defendants were participants in a joint action with Judge Nalley. Plaintiff claims Olmstead, together with the domestic relations master and the judge "knew or had every reason to know that the deprivation of Plaintiff's due process rights would cause Plaintiff emotional pain." *Amended Complaint*, at ¶ 55. Plaintiff fails to plead whether these private individuals acted "under color of law" for purposes of a § 1983 action. Plaintiff offers no detailed factual account to show a conspiracy with a state actor. For example, Plaintiff's claim that Judge Nalley was involved in a conspiracy as evidenced by his ruling on a continuance is not enough. Plaintiff's Amended Complaint offers only conclusory allegations of a conspiracy for the purposes of state action. Sufficient allegations of state action, however, are not plead in the Amended Complaint. Therefore, as Plaintiff failed to cure the two central elements a Section 1983 claim, the claim will be dismissed with prejudice.

### III. State Claims[1]

#### A. Negligence (Count II)

Count II of the Amended Complaint purports to state claims for negligence against Defendants Mary Sue Greisman and Patricia Drummond. These counts are essentially malpractice claims by Plaintiff against his former lawyers. As the Court indicated in its previous opinion in this matter, to state a cause of action for legal malpractice, a plaintiff must allege: 1) the attorney's employment; 2) his neglect of a reasonable duty; and 3) loss to the client proximately caused by that neglect of duty. *Noble v. Bruce*, 349 Md. 730, 739, 709 A.2d 1264, 1269 (1998); *Flaherty v. Weinberg*, 303 Md. 116, 128, 492

---

1. The Court notes that Plaintiff added to this suit two new claims for (1) fraud (presented in Counts IIIA, IIIB, and IIIC), and (2) civil conspiracy (in Count IV). The Court, however, limited the causes of action that may be brought in the Amended Complaint to the original Counts I, II, III, VI, VII, and IX. None of the claims in the original Complaint purported to state claims for "fraud" or "civil conspiracy". The Court will treat the fraud claim as a restatement of Plaintiff's original claim for misrepresentation. As the tort claim of civil conspiracy is a new claim offered without leave of court, the Court will not entertain that claim.

A.2d 618, 624 (1985); *Kendall v. Rogers,* 181 Md. 606, 31 A.2d 312 (1943). The Amended Complaint presents no facts with respect to either Defendant to adequately support allegations of negligence. Plaintiff fails to plead specific facts to establish a breach of the duty of care. Another fatal flaw in the Amended Complaint with respect to the negligence claims is that Plaintiff presents no viable allegations of a causal link between any breach of duty and the injury sustained. With respect to the claim against Drummond, the allegations of negligence asserted, i.e., failure to demand removal of Lewis, failure to seek recusal, failure to pursue aggressive discovery, failure to report the conspiracy to the Judicial Disabilities Commission, etc., are at best speculative assertions of negligence. *See Amended Complaint,* at ¶¶ 62, 67–69, 71–73. As to Greisman, Plaintiff asserts she was negligent in several respects including her failure to act on Plaintiff's requests and keep Plaintiff informed (¶ 42), failure to conduct discovery on the custody issue (¶ 43), and failure to withdraw from Plaintiff's case earlier (¶¶ 46, 47, 49). Plaintiff's bald conclusions are not supported by the facts. The attorneys' inability to negotiate a custody agreement in Plaintiff's case does not constitute a breach of the standard of care. Furthermore, the causal link between any breach and any injury to Plaintiff is absent. Plaintiff has not alleged how these breaches would have altered the course of the litigation. Plaintiff must allege he would have prevailed in the custody matter if Drummond and Greisman had discharged the various duties Plaintiff claims they owed him. The Amended Complaint does not address these legal deficiencies, and the Court will dismiss (with prejudice) these claims due to Plaintiff's failure to state legally cognizable claims for negligence.

B. Fraud/Misrepresentation (Count III)

■ As to the fraud/misrepresentation count against Defendants, Plaintiff must allege that (1) the representation made by defendant was false, (2) that its falsity was known by the defendant, (3) that the representation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation, and (5) that plaintiff suffered damaged directly resulting from the defendant's misrepresentation. *See James v. Weisheit,* 279 Md. 41, 44, 367 A.2d 482 (1977). Plaintiff's Amended Complaint asserts allegations of fraud against all of the Defendants.

■ Plaintiff's fraud claims against Drummond center on the continuance of the December 29, 1997 hearing. Plaintiff, however, does not allege that Drummond made a false statement, that she knew the statement was false, that any statement was made for the purpose of defrauding Plaintiff, that Plaintiff justifiably relied on the statement, or that Plaintiff suffered compensable harm. Likewise, Plaintiff's assertion of fraud against Greisman—that she misrepresented her attempt to effectuate her withdrawal from the case—fails for the same reasons. In addition, Plaintiff attempts to assert claims of fraud against Blake. However, each factual scenario of alleged fraud against Blake actually involves the actions or representations of someone else. For example, in giving an account of Blake's so-called perjured testimony, Plaintiff actually asserts wrongdoing by the domestic relations master. *See Amended Complaint,* at ¶ 52. Similarly, he asserts Blake's testimony, "full of perjuries," was accepted by Judge Nalley to Plaintiff's detriment. Such allegations hardly make out a viable claim against Blake. Finally, Plaintiff alleges Defendant Olmstead attempted to extort a financial settlement from him by misrepresenting that Blake would "withdraw her accusations in exchange for promise of undiminished financial support." *Amended Complaint,* at ¶ 35. Again, the Amended Complaint does not sufficiently identify facts which meet the required elements of the claim, particularly with respect to any reliance on Plaintiff's part. In fact, Plain-

tiff admits that he refused Olmstead's "offer." *See id.* Thus, Plaintiff cannot sustain his claim.

In sum, Plaintiff does not allege facts to support a showing of falsity, or that the statements were made for the purpose of defrauding him. Nor does he state in what way he relied on the statement, or that he suffered damage that was a direct result of the misrepresentations by the Defendants. Furthermore, Plaintiff did not present any legal precedent which would warrant the continuation of this claim against either of the Defendants. Plaintiff failed to cure the deficiencies highlighted by the Court in its previous Memorandum Opinion. Plaintiff's Amended Complaint does not state a legally cognizable claim for fraud or misrepresentation, and therefore, the claims will be dismissed with prejudice.

### CONCLUSION

Throughout his pleadings, Plaintiff asks this Court to make multi-layered inferences in an effort to save his claims. The Court, however, cannot embark upon such a journey. In sum, the Court will dismiss Plaintiff's Amended Complaint for failure to state claims upon which relief may be granted as ordered by this Court. Plaintiff's Amended Complaint includes essentially the same immaterial information contained in his original Complaint. Thus, the Court will likewise grant Defendants' motions to strike irrelevant material from the Amended Complaint-that is, material that does not pertain to the legal claims and elements of the Amended Complaint. Plaintiff did not adequately address the concerns raised by the Court or the parties in their dispositive motions filed throughout this litigation. Because Plaintiff's Amended Complaint does not address the fatal legal deficiencies of the original Complaint, the Court must grant the pending dispositive motions to dismiss the Amended Complaint, and close this case.

An Order consistent with this Opinion will follow.